**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)
Drew C. Ensign (No. 25463)
Robert J. Makar (No. 33579)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8958
Drew.Ensign@azag.gov
Robert.Makar@azag.gov

*Attorneys for Defendant Mark Brnovich*
*in his official capacity as Attorney General*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Katie Hobbs, et al., <br><br> Defendants. | No. 2:21-cv-01423-DWL <br><br> **ATTORNEY GENERAL'S RESPONSE TO DSCC'S AND DCCC'S MOTION TO INTERVENE** |

**RESPONSE TO MOTION TO INTERVENE**

In their motion to intervene, the DSCC and DCCC ("Proposed Intervenors") state that "The Attorney General consents" to their motion. Doc. 50 at 1. That is correct with a caveat: in communicating with Proposed Intervenors' counsel, the Attorney General agreed to consent to their motion on the express condition that he receive "a modest expansion of time (21 days) for [his] current October 25 deadline to move to dismiss or answer to account for needing to address two complaints instead of one." Counsel for Proposed Intervenors expressly agreed to that condition. The Attorney General therefore respectfully requests that if the Court grants Proposed Intervenors' motion, that it set a unified deadline of November 15, 2021 to respond to both Plaintiffs' and Intervenors-Plaintiffs' Complaints.

The Attorney General also wishes to correct one contention raised in Proposed Intervenors' motion. In it, they curiously characterize (at 2) their efforts in *ADP v. Hobbs* as "thus-far successful efforts to invalidate" Arizona election laws that limit curing of non-signatures until polls close on election day (the "Preexisting Acts"). That unabashed contention stretches the meaning of "successful" past its breaking point.

While Proposed Intervenors did receive a permanent injunction from the district court, the Ninth Circuit swiftly stay that injunction in its entirety. *See Arizona Democratic Party v. Hobbs*, 976 F.3d 1081 (9th Cir. 2020). In doing so, the Ninth Circuit essentially eviscerated all the critical foundations of Proposed Intervenors' claims in a *unanimous, published*, and *precedential* opinion, including by holding that:

- The [Preexisting] Acts "impose[], at most, a 'minimal' burden";
- "[I]t is reasonable that Arizona has chosen to make [the non-signature cure] deadline Election Day itself so as to promote its unquestioned interest in administering an orderly election and to facilitate its already burdensome job";
- "[T]here can be no doubt … that allowing a five-day grace period … would indeed increase the administrative burdens";
- "[T]he State has offered a reasonable explanation for why it has granted a limited

opportunity to correct such 'mismatched' signatures but not to supply completely missing signatures."

*Id.* at 1085-86.

Proposed Intervenors contend (at 3) that the Ninth Circuit's published opinion actually "relied heavily on *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006)." That contention fares slightly better than their "thus-far successful efforts" assertion. But just barely.

In truth, the Ninth Circuit relied on *Purcell* doctrine only in balancing the public interest and only *after* concluding that "the State's probability of success *on the merits is high*," 976 F.3d at 1086 (emphasis added)—a conclusion that flowed inexorably from the fact that the panel had just rejected virtually every essential element of Proposed Intervenors' constitutional claims. Proposed Intervenors' attempt to recast *the State*'s receipt of a stay pending appeal expressly premised on the State's "*high*" probability of "*success* on the merits" as their own "thus-far successful efforts" mischaracterizes the Ninth Circuit's *Hobbs* decision.

RESPECTFULLY SUBMITTED this 27th day of September, 2021.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By s/ Drew C. Ensign
Drew C. Ensign (No. 25463)
Robert J. Makar (No. 33579)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8958
Drew.Ensign@azag.gov
Robert.Makar@azag.gov

*Attorneys for Defendant Mark Brnovich*
*in his official capacity as Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, September 27, 2021, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

                         s/ Drew C. Ensign
                         Drew C. Ensign

*Attorney for Defendant Mark Brnovich in his official capacity as Attorney General*

1