**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-21-01423-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

Pending before the Court are two motions to intervene: one filed by the Republican National Committee and National Republican Senatorial Committee (together "the Republican Party Committees") (Doc. 28), the other by DSCC and DCCC (together "the Democratic Party Committees") (Doc. 50). For the following reasons, both motions are granted.

## BACKGROUND

On August 17, 2021, Plaintiffs Mi Familia Vota, Arizona Coalition for Change, Living United for Change in Arizona, and League of Conservation Voters, Inc. d/b/a Chispa AZ initiated this action against Defendants Arizona Secretary of State Katie Hobbs, Arizona Attorney General Mark Brnovich, and the county recorders of all 15 Arizona counties ("the County Recorder Defendants"), all named in their official capacities. (Doc. 1 at 2.) Plaintiffs assert that Senate Bill 1485 (the "Voter Purge Law"), "which will purge voters from Arizona's popular permanent early voting list if the voters do not cast a mail-in ballot in two consecutive election cycles," and Senate Bill 1003 (the "Cure Period

Law"), "which requires voters who submit early ballots without a signature to 'cure' those ballots by 7:00 PM on Election Day," are "designed to make it harder for Arizonans—especially Arizonans of color—to vote." (*Id.* ¶ 1.) Plaintiffs assert that these laws (1) place an undue burden on the right to vote, in violation of the First and Fourteenth Amendments to the U.S. Constitution; (2) were enacted with discriminatory intent, in violation of the Fourteenth and Fifteenth Amendments; and (3) violate Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, which prohibits the enforcement of a voting qualification, prerequisite, standard, practice, or procedure that abridges any U.S. citizen's right to vote on account of race, color, or membership in a language minority group. (*Id.* at 29-31.)

On September 2, 2021, the Republican Party Committees filed a motion to intervene. (Doc. 28.) The motion stated that Plaintiffs opposed intervention, the La Paz and Maricopa County Recorders took no position, and the other Defendants had not yet entered appearances. (*Id.* at 4.) The Republican Party Committees also lodged a proposed answer. (Doc. 29.)

On September 24, 2021, the Democratic Party Committees filed a motion to intervene. (Doc. 50.) The motion stated that Secretary Hobbs took no position, Attorney General Brnovich consented, and Plaintiffs would indicate their position in a response to both intervention motions. (*Id.* at 2.) The Democratic Party Committees also lodged a proposed complaint in intervention. (Doc. 50-1.)

On September 27, 2021, Attorney General Brnovich filed a response to the Democratic Party Committees' motion, clarifying that his consent to that motion was conditioned on receiving "a modest expansion of time (21 days) for his current October 25 deadline to move to dismiss or answer to account for needing to address two complaints instead of one." (Doc. 51 at 1.)

On September 30, 2021, Plaintiffs filed a statement asserting that "neither set of proposed intervenors has a right to join this litigation under Fed. R. Civ. P. 24(a)(2)" but taking "no position on whether the Court should allow permissive intervention under Fed. R. Civ. P. 24(b)." (Doc. 52 at 3.) Plaintiffs qualified their non-opposition in two ways: (1)

"the motions by both political parties should rise or fall together," and (2) "Plaintiffs respectfully request that the Court designate Plaintiffs (for the challengers to SB 1485/1003) and the Attorney General and Secretary (for the defenders of those laws) as 'the representatives responsible for coordinating' the prosecution or defense of this case, respectively, and provide that 'any proposed response' to the Complaint or brief in response to any motion to dismiss filed by one of the Intervenors 'not repeat any argument already raised' in the briefing submitted by one of the original parties to the action." (*Id.* at 4.)

**DISCUSSION**

"Intervention is governed by Fed.R.Civ.P. 24, which permits two types of intervention: intervention as of right and permissive intervention." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Id.* at 839. Because these conditions are met and no party opposes permissive intervention, the Court will grant both motions without considering the applicability of intervention of right. *Arizona Democratic Party v. Hobbs*, 2020 WL 6559160, *1 (D. Ariz. 2020) ("The Court need not address whether Movants qualify for intervention as-of-right because permissive intervention is appropriate.").

In *Hobbs*, the district court addressed concerns that intervention would "needlessly complicate the case" by imposing "strict limitations" designed "to avoid redundant briefing and delay." *Id.* Specifically, the court "designate[d] Secretary Hobbs and the State as the representatives responsible for coordinating the defense for all Defendants" and required other parties, if they believed their interests were not adequately represented by the plaintiffs, Secretary Hobbs, or the State, to move for leave to file separate briefing. *Id.*

The Court will impose similar restrictions here.

Accordingly,

**IT IS ORDERED** that the motions to intervene (Docs. 28, 50) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs (for the challengers to SB 1485/1003) and the Attorney General and Secretary (for the defenders of those laws) are designated as the representatives responsible for coordinating the prosecution or defense of this case, respectively.  If an intervenor believes that an issue affecting it has not been briefed, it may move for leave to file a brief, but it may not repeat any argument already raised in the briefing submitted by one of the original parties to the action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Republican Party Committees' answer (Doc. 29).

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Democratic Party Committees' complaint in intervention (Doc. 50-1).

**IT IS FURTHER ORDERED** that the deadline for Defendants to respond to the complaint and complaint in intervention is extended to **November 15, 2021**.

Dated this 4th day of October, 2021.

Dominic W. Lanza
United States District Judge