Sambo (Bo) Dul (030313)
General Counsel
Arizona Secretary of State
1700 W. Washington St., 7th Fl.
Phoenix, Arizona 85004
T: (602)542-8683
bdul@azsos.gov

*Attorney for Defendant*
*Arizona Secretary of State Katie Hobbs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota; Arizona Coalition for Change; Living United Change in Arizona; and League of Conservation Voters, Inc. d/b/a Chispa AZ,<br><br>　　　　　　Plaintiffs,<br><br>　and<br><br>DSCC, and DCCC,<br><br>　　　　　　Plaintiff-Intervenors,<br><br>　v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State, et al.,<br><br>　　　　　　Defendants. | No. 2:21:cv-01423-PHX-DWL<br><br>**DEFENDANT SECRETARY OF STATE KATIE HOBBS' ANSWER TO COMPLAINT** |

Defendant Katie Hobbs, in her official capacity as Arizona Secretary of State ("Secretary") answers Plaintiffs' Complaint as follows:

## PRELIMINARY STATEMENT

1. Responding to Paragraph 1 of the Complaint, the Secretary admits only that this paragraph generally describes Plaintiffs' legal challenges in this lawsuit. The

{00577610.1 }

Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

2. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3. Responding to Paragraph 3 of the Complaint, the Secretary admits that this paragraph accurately quotes the Secretary's view that many bills introduced during the 2021 legislative session were "designed to depress turnout of minority and lower-income voters." Katie Hobbs, *I'm Leading the Fight for Voting Rights in Arizona. We Need the Senate to Step Up, Now.*, Wash. Post (June 14, 2021, 7:00 AM), https://www.washingtonpost.com/opinions/2021/06/14/arizona-secretary-state-voting/. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

4. Responding to Paragraph 4 of the Complaint, the Secretary admits that this paragraph describes Plaintiffs' requested relief in this lawsuit.

## JURISDICTION AND VENUE

5. The Secretary admits the allegations in Paragraph 5.

6. The Secretary admits the allegations in Paragraph 6.

7. The Secretary admits the allegations in Paragraph 7.

8. The Secretary admits the allegations in Paragraph 8.

## PARTIES

9. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. The Secretary admits the allegations in Paragraph 21.

22. The Secretary admits the allegations in Paragraph 22.

23. The Secretary admits the allegations in Paragraph 23.

24. The Secretary admits the allegations in Paragraph 24.

25. The Secretary admits the allegations in Paragraph 25.

26. The Secretary admits the allegations in Paragraph 26.

27. The Secretary admits the allegations in Paragraph 27.

28. The Secretary admits the allegations in Paragraph 28.

29. The Secretary admits the allegations in Paragraph 29.

30. The Secretary admits the allegations in Paragraph 30.

31. The Secretary admits the allegations in Paragraph 31.

32. The Secretary admits the allegations in Paragraph 32.

33. The Secretary admits the allegations in Paragraph 33.
34. The Secretary admits the allegations in Paragraph 34.
35. The Secretary admits the allegations in Paragraph 35.
36. The Secretary admits the allegations in Paragraph 36.
37. The Secretary admits the allegations in Paragraph 37.
38. The Secretary admits the allegations in Paragraph 38.
39. The Secretary admits the allegations in Paragraph 39.
40. The Secretary admits the allegations in Paragraph 40.

**FACTS**

41. The Secretary admits the allegations in Paragraph 41.
42. The Secretary admits the allegations in Paragraph 42.
43. The Secretary admits the allegations in Paragraph 43.
44. Responding to Paragraph 44 of the Complaint, the Secretary admits that, based on data available in the statewide voter registration system, approximately 61% of Arizona voters voted early (by mail or early in-person) in the 2010 General Election; approximately 66% of Arizona voters voted early in the 2012 General Election; and approximately 75% of Arizona voters voted early in the 2016 General Election.
45. Responding to Paragraph 45 of the Complaint, the Secretary admits that over 3 million Arizonans voted by mail or early in-person in the 2020 General Election, and over 1.38 million more early votes (by mail or early in-person) were cast by Arizona voters in the 2020 General Election than in the 2016 General Election. The Secretary also admits that there was a greater use of early voting in the 2020 General Election than in past elections, likely in part because of the COVID-19 pandemic.
46. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.
47. The Secretary admits the allegations in Paragraph 47.
48. Responding to Paragraph 48 of the Complaint, the Secretary admits that, based on the official canvass, 3,420,565 Arizona voters cast ballots in the 2020 General

1  Election, which was 79.9% of registered voters. The Secretary also admits that, based on
2  the official canvasses, 759,068 more Arizona voters cast ballots in the 2020 General
3  Election than in the 2016 General Election.

4      49.    The Secretary lacks knowledge or information sufficient to form a belief
5  about the truth of the allegations in Paragraph 49.

6      50.    The Secretary lacks knowledge or information sufficient to form a belief
7  about the truth of the allegations in Paragraph 50.

8      51.    The Secretary admits the allegations in Paragraph 51.

9      52.    Responding to Paragraph 52 of the Complaint, the Secretary admits that this
10 paragraph accurately quotes Supervisor Hickman's statements in the cited letter, Clint
11 Hickman, *Letter to Voters*, Maricopa County Board of Supervisors, https://
12 www.maricopa.gov/DocumentCenter/View/64676/PR69-11-17-20-Letter-to-Voters.

13     53.    Responding to Paragraph 53 of the Complaint, the Secretary admits that this
14 paragraph accurately quotes Governor Ducey's statements in the cited tweets and video,
15 Doug Ducey (@DougDucey), Twitter (Nov. 30, 2020 8:48 PM),
16 https://twitter.com/dougducey/status/1333603735855976450; President Trump Meeting
17 with Arizona Governor, CSPAN (Aug. 5, 2020), https://www.c-span.org/video/?474543-
18 1/president-trump-meeting-arizona-governor.

19     54.    The Secretary admits the allegations in Paragraph 54.
20     55.    The Secretary admits the allegations in Paragraph 55.
21     56.    The Secretary admits the allegations in Paragraph 56.
22     57.    The Secretary admits the allegations in Paragraph 57.

23     58.    Responding to Paragraph 58 of the Complaint, the Secretary admits that
24 members of the Arizona Senate embraced false and discredited theories about the 2020
25 General Election and hired a Florida corporation called Cyber Ninjas, Inc. to conduct an
26 "audit" of the 2020 election results in Maricopa County. The Secretary lacks knowledge
27 or information sufficient to form a belief about the remaining allegations in this
28 paragraph.

59. Responding to Paragraph 59 of the Complaint, the Secretary admits that the "Cyber Ninjas" have no meaningful election experience.

60. Responding to Paragraph 60 of the Complaint, the Secretary admits that the article cited in this paragraph states that Cyber Ninjas' CEO, Doug Logan, advanced conspiracy theories on social media claiming that widespread fraud cost Donald Trump the presidency in 2020. Marc Caputo, *'Never Heard of Them': Arizona GOP Audit Firm Unknown Even in Home State*, Politico (Apr. 26, 2021, 7:29 PM), https://www.politico.com/news/2021/04/26/republicans-arizona-vote-audit-florida-484737.

61. Responding to Paragraph 61 of the Complaint, the Secretary admits that the "auditors" inspected ballots under UV lights, and this process was likely developed in response to a conspiracy theory that counterfeit ballots from Asia would contain bamboo fibers.

62. Responding to Paragraph 62 of the Complaint, the Secretary admits that this paragraph accurately quotes the cited articles and interview in footnotes 11, 12, and 13. The Secretary lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

63. The Secretary admits the allegations in Paragraph 63.

64. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. Responding to Paragraph 65 of the Complaint, the Secretary admits the allegations in the first sentence and lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

66. Responding to Paragraph 66 of the Complaint, the Secretary admits that there is no evidence of actual fraud to justify restrictions on mail-in voting in Arizona and that there is no evidence of widespread voter fraud that undermined the integrity of Arizona's 2020 General Election. The Secretary lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

67. Responding to Paragraph 67 of the Complaint, the Secretary admits that Arizona legislators opposed to the Voter Purge Law and Cure Period Law stated during debates that these laws would result in fewer citizens of color voting, and that Paragraph 67 accurately quotes Representative John Kavanagh. The Secretary lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

68. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69. Responding to Paragraph 69, the Secretary admits that approximately 3.2 million voters are on the active early voting list ("AEVL"), previously named the permanent early voting list ("PEVL"), as of November 2021 and that over 2 million of the 2.6 million registered voters in Maricopa County—Arizona's largest county—are on the AEVL.

70. Responding to Paragraph 70, the Secretary admits that voters on the AEVL will receive a ballot in the mail prior to each election, which is required to be to be sent no later than the first day of the 27-day early voting period, without having to request a ballot for each individual election. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 70.

71. The Secretary admits the allegations in Paragraph 71.

72. The Secretary admits the allegations in Paragraph 72.

73. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74. Responding to Paragraph 74 of the Complaint, the Secretary admits that this paragraph describes findings in the cited report, Myrna Pérez, *Voter Purges*, Brennan Center For Justice (2008), https://www.brennancenter.org/sites/default/files/2019-08/Report_Voter-Purges-2008.pdf.

75. Responding to Paragraph 75 of the Complaint, the Secretary admits that this paragraph accurately describes findings in the cited 2006 study by the Pew Research Center, *Who Votes, Who Doesn't and Why*, Pew Research Center (Oct. 18, 2006),

https://www.pewresearch.org/politics/2006/10/18/who-votes-who-doesnt-and-why/.

76. Responding to Paragraph 76 of the Complaint, the Secretary admits that, in March 2021 (based on data as it existed then in the statewide voter registration system), her Office estimated that if S.B. 1485 were applied to the 2018 and 2020 election cycles, approximately 200,000 voters could have been removed from the PEVL following the 2020 General Election. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76.

77. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81. Responding to Paragraph 81 of the Complaint, the Secretary admits that A.R.S. § 16-544(L) requires that voters respond in writing to the notice and return it to the county recorder or other officer in charge of elections, and that the options for returning this notice are more limited than the options available for returning voted ballots. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

82. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83. Responding to Paragraph 83 of the Complaint, the Secretary admits that voting in person can be more burdensome for some voters than others for a variety of reasons. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

84. The Secretary lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 84.

85.   The Secretary admits the allegations in the main text of Paragraph 85. Responding to footnote 21 in Paragraph 85, the Secretary admits that the Secretary included in the draft 2019 Election Procedures Manual a provision that missing signatures may be cured on the same timeline as mismatched signatures, but the Attorney General would not approve the draft unless the Secretary included a provision that early ballots with missing signatures must be cured by 7:00 p.m. on Election Day. The Secretary also admits that footnote 21 accurately describes the procedural history of *Arizona Democratic Party v. Hobbs*.

86.   The Secretary admits the allegations in Paragraph 86.

87.   Responding to Paragraph 87 of the Complaint, the Secretary admits that mail-in ballots must be received by 7:00 pm on Election Day, A.R.S. § 16-548(A), and that means that voters whose mail-in ballots are delivered to election officials on or near Election Day without a signature may not receive notice of the alleged signature deficiency in time to have a meaningful opportunity to cure their ballots.

88.   The Secretary admits the allegations in Paragraph 88.

89.   The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90.   The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91.   The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.   The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93.   Responding to Paragraph 93 of the Complaint, the Secretary admits that the Cure Period Law does not have a provision requiring for notice to be given in a language spoken by the voter. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

94. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95.

96. Responding to Paragraph 96 of the Complaint, the Secretary admits that she believes there is no reason to distinguish unsigned and mismatched mail-in ballots and that Arizona could easily allow unsigned ballots to be cured during a five-day post-election cure period, because Arizona already allows such a cure period for other voter identification issues.

97. Responding to Paragraph 97 of the Complaint, the Secretary admits that Arizona has a long history of discrimination against Latino, Native American, and Black people, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

98. The Secretary admits the allegations in Paragraph 98.

99. The Secretary admits the allegations in Paragraph 99.

100. The Secretary admits the allegations in Paragraph 100.

101. The Secretary admits the allegations in Paragraph 101.

102. The Secretary admits the allegations in Paragraph 102.

103. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103.

104. Responding to Paragraph 104 of the Complaint, the Secretary admits that historically Native American, Latino, and Black voters in Arizona have faced discrimination in connection with registering to vote and have faced voter intimidation operations and other measures to stop them from voting.

105. Responding to Paragraph 105 of the Complaint, the Secretary admits that this paragraph accurately summarizes voter intimidation described in the cited book, Tova Andrea Wang, *The Politics of Voter Suppression: Defending and Expanding Americans' Right to Vote* 44-45 (2012).

106. Responding to paragraph 106, the Secretary admits that, in 1970, the Arizona legislature passed a law purging the voter rolls of all registered voters after the 1970 General Election and requiring all citizens to re-register to be eligible to vote. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106.

107. The Secretary admits the allegations in Paragraph 107.

108. The lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108.

109. Responding to Paragraph 110 of the Complaint, the Secretary admits that Maricopa County had lengthy lines during the 2016 presidential preference election. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

110. Responding to Paragraph 110 of the Complaint, the Secretary admits that this paragraph accurately describes then-Mayor Stanton's letter to then-Attorney General Loretta Lynch, *Request for U.S. Department of Justice Investigation Into Disparate Distribution of Polling Locations in Maricopa County*, City of Phoenix Office of the Mayor, 1, (Mar. 23, 2016) http://content.12news.com/document_dev/2016/03/23/mayor-greg-stanton-letterto-doj_1141486_ver1.0.pdf. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

111. Responding to Paragraph 111 of the Complaint, the Secretary admits that Maricopa County printed voter registrations cards in Spanish with the incorrect election date in 2012, and printed ballots had an incorrect Spanish translation for a ballot measure description in 2016. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

112. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113. The Secretary lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 113.

114. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114.

115. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115.

116. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.

117. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117.

118. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118.

119. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119.

120. Responding to Paragraph 120 of the Complaint, the Secretary admits that this paragraph accurately describes the data reflected in the cited report, *Arizona's Imprisonment Crisis: The Cost To Communities*, FWD.us, https://36shgf3jsufe2xojr925ehv6-wpengine.netdna-ssl.com/wp-content/uploads/2018/11/PART-2-AZ-REPORT-summary-1.pdf.

121. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121.

122. Responding to Paragraph 122 of the Complaint, the Secretary admits that the first sentence accurately describes the cited fast facts, *Every Native Vote Counts: Fast Facts*, National Congress of American Indians (2020), http://www.nativevote.org/wp-content/uploads/2020/05/2020-Native-Vote-Infographic.pdf. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

123. Responding to Paragraph 123 of the Complaint, the Secretary admits that this paragraph accurately describes the data in the cited table, *Table 4b. Reported Voting*

*and Registration, by Sex, Race and Hispanic Origin, for States: November 2012*, United States Census Bureau, https://www2.census.gov/programs-surveys/cps/tables/p20/568/table04b.xls.

124. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124.

125. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125.

126. Responding to Paragraph 126 of the Complaint, the Secretary admits that Arizona has a history of engaging in practices that suppress the vote of marginalized groups. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION
### First and Fourteenth Amendments
### U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202
### Undue Burden on the Right to Vote

127. The Secretary incorporates by reference all preceding paragraphs as if fully set forth herein.

128. The Secretary admits the allegations in Paragraph 128.

129. The Secretary admits the allegations in Paragraph 129.

130. Responding to Paragraph 130 of the Complaint, the Secretary admits that this paragraph generally describes the standard in the cited case, *Burdick v. Takushi*, 504 U.S. 428, 434 (1992).

131. Responding to Paragraph 131 of the Complaint, the Secretary admits that this paragraph accurately quotes language from the cited opinion, *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191 (2008).

132. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132.

133. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133.

134. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134.

135. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135.

## SECOND CAUSE OF ACTION

### Fourteenth and Fifteenth Amendments

### U.S. Const. Amend. XIV; 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202

### Discriminatory Purpose

136. The Secretary incorporates by reference all preceding paragraphs as if fully set forth herein.

137. The Secretary admits the allegations in Paragraph 137.

138. The Secretary admits the allegations in Paragraph 138.

139. Responding to Paragraph 139 of the Complaint, the Secretary admits that this paragraph generally describes the standard in the cited case, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

140. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140.

141. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141.

## THIRD CAUSE OF ACTION

### Voting Rights Act § 2

### 52 U.S.C. § 10301 et seq.; 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202

### Intentional Racial Discrimination

142. The Secretary incorporates by reference all preceding paragraphs as if fully set forth herein.

143. Responding to Paragraph 143 of the Complaint, the Secretary admits that

this paragraph generally describes Section 2 of the Voting Rights Act.

146. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144.

145. The Secretary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145.

## PRAYER FOR RELIEF

146. Responding to Plaintiffs' prayer for relief, the Secretary states that she takes no position regarding the merits of Plaintiffs' claims against the challenged laws and Plaintiffs' request for substantive relief in the form of a declaratory judgment and a permanent injunction. The Secretary denies that Plaintiffs should be entitled to an award of their costs, fees, expenses, and reasonable attorneys' fees as against her.

Respectfully submitted this 15th day of November, 2021.

By  /s/ Sambo (Bo) Dul
     Sambo (Bo) Dul

*Attorney for Defendant Arizona Secretary of State Katie Hobbs*

{00577610.1}

-15-