Elisabeth C. Frost*
John M. Geise*
Joseph N. Posimato*
Tyler L. Bishop*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, DC 20002
Phone: (202) 968-4513
Facsimile: (202) 968-4498
efrost@elias.law
jgeise@elias.law
jposimato@elias.law
tbishop@elias.law

Ben Stafford*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Phone: (206) 656-0176
bstafford@elias.law

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar. No. 032304)
**HERRERA ARELLANO LLP**
530 East McDowell Road, Suite 107-150
Phoenix, Arizona 85004-1500
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com

*Attorneys for Intervenor-Plaintiffs*
**Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Mi Familia Vota; et al.,
Plaintiffs,
and
DSCC and DCCC,
Plaintiff-Intervenors,
v.
Katie Hobbs, in her official capacity as Arizona Secretary of State; et al.,
Defendants,
and
RNC and NRSC,
Defendant-Intervenors.

Case No. CV-21-01423-DWL

**INTERVENOR-PLAINTIFFS' OPPOSITION TO THE ATTORNEY GENERAL'S AMENDED CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' AND INTERVENOR-PLAINTIFFS' COMPLAINTS UNDER RULE 12(B)(1) AND 12(B)(6)**

The Attorney General's contention that *Arizona Democratic Party v. Hobbs*, 18 F.4th 1179 (9th Cir. 2021), requires dismissal of Intervenor-Plaintiffs' claims on collateral estoppel and *res judicata* grounds is mistaken.

First, it is facially insufficient. The Attorney General does not even specify which claims should be dismissed, and his "argument" consists of a single sentence and zero analysis. *See* ECF No. 83 at 2 (asserting "Intervenor-Plaintiffs' claims should be dismissed on collateral estoppel and *res judicada* [sic] grounds . . . since their *Hobbs* [sic] involved an equivalent claim to an identical practice."). Claim and issue preclusion are affirmative defenses, and the Attorney General bears the burden of proof. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). His cursory treatment of this argument is reason alone to reject it, and—in any event—affirmative defenses such as these "[o]rdinarily . . . may not be raised on a motion to dismiss." *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018).

Second, the Attorney General ignores that there are two Intervenor-Plaintiffs—DSCC *and* DCCC. ECF No. 55 at ¶¶ 18, 19. DCCC was not a party to *Hobbs* and cannot be barred based on collateral estoppel or *res judicata* due to that decision. *See, e.g.*, *United States v. Mendoza*, 464 U.S. 154, 158 (1984); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1050 (9th Cir. 2005).

Third, neither doctrine applies to bar DSCC's claims here either. *Hobbs* merely decided that Arizona's previous practice of denying missing signature voters a post-election cure opportunity did not impose an unconstitutional burden on the right to vote of *all* voters. *Hobbs*, 18 F.4th at 1195-96; *see also id.* at 1190 (finding a claim that "the burden . . . falls disproportionately on a discrete group of voters" would be distinct and "implicat[e] heightened constitutional concerns"). It did not (and could not) involve evidence from the November 2020 election strengthening the burden argument (or weakening the state's purported interests), because that election had not occurred when the district court ruled. *Id.* at 1185. Similarly, *Hobbs* did not consider or rule on the burden of this restriction combined with that of removing voters from the Early Voting List because the state had not yet passed *either* S.B. 1003 or S.B. 1485; the Legislature did not take the bills up until

*after* the 2020 election, and the bills were not signed into law until May 2021. ECF No. 55 at ¶¶ 7, 8. DSCC could not have made these arguments in June or September 2020.

No issue of fact or law decided by *Hobbs* sufficient for collateral estoppel is implicated in Intervenors' Count One, which alleges that S.B. 1003 and S.B. 1485 unconstitutionally burden the rights of a discrete set of voters—Arizona's minority voters. ECF No. 55 at ¶¶ 122-31. Nor is there an identity of claims sufficient for *res judicata* to apply. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (explaining res judicata requires identity of claims, final judgment on the merits, and privity between parties). The identity of claims analysis looks to four factors, the last of which is the most important: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented; (3) whether the two suits involve infringement of the same right; and (4) whether they arise out of the same transactional nucleus of facts. *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917-18 (9th Cir. 2012). The evidence here is necessarily different, given the events that have transpired since *Hobbs* was decided, and, for similar reasons, the most important fourth factor also weighs against the application of *res judicata*. Intervenors' Complaint focuses on the circumstances of the 2020 general election and the passage of S.B. 1003 and S.B. 1485—very different facts than when the Attorney General first interpreted the law in late 2019 to deny missing signature voters a post-election cure process. ECF No. 55 at ¶¶ 60-121.[1]

Neither collateral estoppel nor *res judicata* bar Intervenor-Plaintiffs' claims here.

[1] To the extent the Attorney General means to argue that collateral estoppel or *res judicata* preclude DSCC from proceeding on their other counts, that argument, too, is mistaken. These counts concern the passage of S.B. 1003 and S.B. 1485, alleging intentional racial discrimination in violation of the Voting Rights Act, and discriminatory purpose in violation of the Fourteenth and Fifteenth Amendments. ECF No. 55 at ¶¶ 132-41. Almost all facts relevant to these claims occurred after the district court decision in *Hobbs*, making collateral estoppel inapplicable. As to *res judicata*, neither the evidence nor the facts are similar to *Hobbs* and these involve the violation of a different right, demonstrating even less identity of claims. *See Turtle Island Restoration Network*, 673 F.3d at 917-18.

Dated: December 29, 2021

Respectfully Submitted,


*/s/ Daniel A. Arellano*
Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar. No. 032304)
**HERRERA ARELLANO LLP**
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com

Elisabeth C. Frost*
John M. Geise*
Joseph N. Posimato*
Tyler L. Bishop*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, DC 20002
Phone: (202) 968-4513
Facsimile: (202) 968-4498
efrost@elias.law
jgeise@elias.law
jpasimato@elias.law
tbishop@elias.law

Ben Stafford*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Phone: (206) 656-0176
bstafford@elias.law

*Attorneys for Intervenor-Plaintiffs*
**Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December, 2021, I caused the foregoing to be lodged and served electronically via the Court's CM/ECF system upon counsel of record.

*/s/ Daniel A. Arellano*