**MARK BRNOVICH**
**ATTORNEY GENERAL**
Joseph A. Kanefield (No. 15838)
*Chief Deputy & Chief of Staff*
Brunn ("Beau") W. Roysden III (No. 28698)
*Division Chief*
Drew C. Ensign (No. 25463)
*Deputy Solicitors General*
Robert J. Makar (No. 33579)
*Assistant Attorney General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for State of Arizona*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | Case No: 2:21-cv-01423-DWL |
| Plaintiffs, | |
| vs. | **THE STATE'S REPLY TO PLAINTIFFS' OPPOSITION TO AMICI STATES' MOTION FOR LEAVE TO FILE AN AMICUS BRIEF** |
| Katie Hobbs, et al., | |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE**

The Attorney General (the "State") responds briefly to Plaintiffs' opposition (Doc. 106) to the motion for leave of 14 states to file an amicus brief (Doc. 102). Plaintiffs' opposition is meritless for four reasons.

*First*, Federal Rule of *Appellate* Procedure 29(a) does not apply in district court. This Court is of course free to look to that rule for guidance. But the Amici States' motion is no more "untimely" under FRAP 29(a) than it "violates" Supreme Court Rule 37(2) for not giving Plaintiffs 10-day advanced notice. And while Plaintiffs cite to *JZ v. Catalina Foothills Sch. Dist.*, No. CV-20-00490-TUC-RCC, 2021 WL 5396089 (D. Ariz. Nov. 18, 2021), that case stands as an obvious outlier to the multitude of times this Court (and others) have otherwise accepted amicus briefs without importing inapposite deadlines.

*Second*, even if the 7-day deadline for FRAP 29(a) applied, the Amici States have sought *leave* to file. The very concept of leave if that it permits parties to take actions that otherwise they could not absent leave—including due to putative deadlines. Plaintiffs are in essence opposing Amici States' request for leave because they are seeking leave. That is circular reasoning at best.

*Third*, if analogies to FRAP 29(a) are to be drawn here, this Court should also look to FRAP 29(a)(2)'s recognition that States are entitled to special consideration for submitting amicus briefs that typically does not require them (or the United States) to obtain leave or consent where all other parties must. But Plaintiffs' analogy to FRAP 29(a) tellingly ignores that part of the rule entirely.

*Fourth*, it would be distinctly inequitable to deny leave here where the United States has filed a *de facto* amicus brief supporting Plaintiffs. "[O]ur Constitution establishes a system of dual sovereignty between the States and the Federal Government." *Gregory v. Ashcroft*, 501 U.S. 452, 457 (1991). This Court should afford the 15 sovereign states seeking leave here the same respect that it accords to the federal government.

Moreover, Plaintiffs' suggestion that these States' voice is unworthy of being heard—even where they have similar sovereign interests in administering elections that

Plaintiffs' claims threaten—is peculiar. Having asserted claims that could upend the electoral systems of *most* other States if accepted, Plaintiffs cannot reasonably shut their voices out of this case. Indeed, those States likely could have intervened as of right given the potential for adverse precedent that could invalidate their electoral systems. (Alaska and Idaho, for example, are located in the Ninth Circuit and do not have any early voting list at all, rather than one merely limited by the Periodic Voting Requirement.)

The State does not object to Plaintiffs' obtaining leave to file a response to the Amici States' brief. But any such response should not become an opportunity for a *de facto* surreply on the State's motion to dismiss (a concern heightened by Plaintiffs taking all 14 days to respond to a simple motion for leave, such that a response to the Amici States could now serve that purpose under the instant timing). This Court should accordingly limit any response strictly to its stated purpose.

## CONCLUSION

This Court should grant the Amici States' motion for leave.

Respectfully submitted this 9th day of February, 2022.

        MARK BRNOVICH
        ATTORNEY GENERAL

        <u>By: s/ Drew C. Ensign</u>
        Joseph A. Kanefield (No. 15838)
         *Chief Deputy & Chief of Staff*
        Brunn ("Beau") W. Roysden III (No. 28698)
         *Division Chief*
        Drew C. Ensign (No. 25463)
         *Deputy Solicitor General*
          *Senior Litigation Counsel*
        Robert J. Makar (No. 33579)
         *Assistant Attorney General*
        2005 N. Central Avenue
        Phoenix, Arizona 85004
        Telephone: (602) 542-5200
        Drew.Ensign@azag.gov

        *Attorneys for Mark Brnovich, Arizona Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

<u>s/ Drew C. Ensign</u>
Drew C. Ensign
*Counsel for Mark Brnovich, Arizona Attorney General*