**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-21-01423-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

Pending before the Court is a motion by the States of Texas, Alabama, Alaska, Arkansas, Idaho, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, Oklahoma, South Carolina, and Utah (together, "amici") to file an amicus brief. (Doc. 102.) For the following reasons, the motion is denied.

## RELEVANT BACKGROUND

This action, which was initiated in August 2021, involves a challenge to two Arizona election laws. As alleged in the complaint, "[t]he first is Senate Bill 1485 . . . , which will purge voters from Arizona's popular permanent early voting list if the voters do not cast a mail-in ballot in two consecutive election cycles. The second is Senate Bill 1003 . . . , which requires voters who submit early ballots without a signature to 'cure' those ballots by 7:00 PM on Election Day . . . ." (Doc. 1 ¶ 1.)

During the early stages of the case, intervention requests were filed by the Republican National Committee and the National Republican Senatorial Committee ("Defendant-Intervenors") (Doc. 28) and by the Democratic Senatorial Campaign

Committee and the Democratic Congressional Campaign Committee ("Plaintiff-Intervenors") (Doc. 50).

On October 4, 2021, the Court issued an order granting both intervention requests. (Doc. 53.) However, this order clarified that, to avoid redundant briefing and delay, certain named parties would be "designated as the representatives responsible for coordinating the prosecution or defense of this case, respectively. If an intervenor believes that an issue affecting it has not been briefed, it may move for leave to file a brief, but it may not repeat any argument already raised in the briefing submitted by one of the original parties to the action." (*Id.* at 4.)

On November 24, 2021, the Arizona Attorney General ("the Attorney General") filed a corrected, oversized motion to dismiss the complaint. (Doc. 76.) The Intervenor-Defendants joined in that motion without raising any additional arguments. (Doc. 77.)

On November 30, 2021, non-party the United States filed a statement of interest asserting that "the Defendant's Motion to Dismiss . . . should be denied." (Doc. 78 at 2.)

On December 14, 2021, the Rule 16 scheduling conference took place. (Doc. 84.) During this conference, the Court discussed the need to expedite the resolution of Plaintiffs' anticipated request for preliminary injunctive relief in light of *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam). (*See, e.g.*, Doc. 101 at 9 ["[F]or reasons of the applicability of the *Purcell* principle and other reasons, I'd like to try to get this case resolved as quickly as possible, so that if it's possible for me to reach a ruling far enough in advance of the 2022 election to not create any *Purcell* problems, that would be my objective and my desire to do that."].) Accordingly, in the scheduling order issued following the Rule 16 conference, the Court set a deadline of April 22, 2022 for Plaintiffs to file any motion for a preliminary injunction and set a deadline of November 18, 2022 for the completion of fact discovery. (Doc. 85.)

On December 29, 2021, Plaintiffs filed a motion for leave to file an oversize opposition to the motion to dismiss. (Doc. 91.) That same day, the Intervenor-Plaintiffs joined in Plaintiffs' response and also sought leave to file a "short opposition brief" raising

an additional reason why the motion should be denied. (Doc. 93.)

On January 4, 2022, the Court granted Plaintiffs' and Intervenor-Plaintiffs' requests. (Doc. 98.) Accordingly, that same day, Plaintiffs' response to the motion to dismiss (Doc. 99) and Intervenor-Plaintiffs' response to the motion to dismiss (Doc. 100) were filed.

On January 25, 2022, amici filed the pending motion for leave to file an amicus brief. (Doc. 102.)

On February 8, 2022, Plaintiffs and Intervenor-Plaintiffs filed an opposition to amici's motion. (Doc. 106.)

On February 9, 2022, the Attorney General filed a reply in support of amici's motion. (Doc. 108.)[1]

On February 11, 2022, the Attorney General filed a motion for leave to file an oversize reply in support of the motion to dismiss. (Doc. 111.) As discussed below, that request is granted.

## DISCUSSION

I. The Parties' Arguments

Amici seek leave to file a brief in support of the Attorney General's motion to dismiss. (Doc. 102.) Amici contend they should be allowed to do so because "States frequently weigh in as amici in election-law disputes" and because, "[a]s defendants in election-law litigation, [they] bring perspective on how these lawsuits should proceed and how the applicable laws should be interpreted, especially given the significant burdens placed on States in defending them." (*Id.* at 2.)

Plaintiffs and Intervenor-Plaintiffs argue that amici's request should be denied for two reasons. (Doc. 106.) First, they contend the request is untimely because it was filed 10 weeks after the motion to dismiss, with no explanation for the delay, and note that the Federal Rules of Appellate Procedure require amicus requests to be filed within 7 days of the principal brief of the party being supported. (*Id.* at 1-3.) Second, they argue that

---

[1] It is not clear that the Attorney General was entitled to file this reply, given that he is not the movant here. Accordingly, the Court waited to rule on amici's leave request until the February 15, 2022 deadline for amici to file their own reply (which they did not do) expired.

- 3 -

amici's participation would not be useful because amici "do not (and cannot) explain why the Attorney General has not adequately articulated those views already" and because the proposed amicus brief largely consists of repackaging the Attorney General's existing dismissal arguments. (*Id.* at 3-4.)

In reply, the Attorney General argues that the timeliness objections lack merit because (1) the Federal Rules of Appellate Procedure are inapplicable here; (2) "[t]he very concept of leave i[s] that it permits parties to take actions that otherwise they could not absent leave—including due to putative deadlines"; (3) States are, at any rate, entitled to special consideration when submitting amicus briefs under the Federal Rules of Appellate Procedure; and (4) "it would be distinctly inequitable to deny leave here where the United States has filed a de facto amicus brief supporting Plaintiffs." (Doc. 108 at 1.) As for the usefulness of amici's participation, the Attorney General contends that "[h]aving asserted claims that could upend the electoral systems of *most* other States if accepted, Plaintiffs cannot reasonably shut their voices out of this case. Indeed, those States likely could have intervened as of right given the potential for adverse precedent that could invalidate their electoral systems." (*Id.* at 1-2.)

II.     Analysis

Amici's leave request is denied. The main issue is timing. Amici do not explain why they waited to file their leave request until 10 weeks after the Attorney General's motion to dismiss was filed. Such delay might not be a deal-breaker in other cases—the Court agrees with the Attorney General that the seven-day deadline set forth in the Federal Rules of Appellate Procedure is inapplicable here and also agrees that, in general, States should be given special consideration in the amicus-leave calculus. But it is a problem here because, pursuant to the *Purcell* principle, the Court must resolve the Attorney General's motion to dismiss and Plaintiffs' anticipated motion for preliminary injunction (which raise interrelated issues) as quickly as reasonably possible. Granting amici's leave request would interfere with this objective because doing so would effectively reopen the motion-to-dismiss briefing process, which was otherwise completed last week. It is

unfortunate that amici waited so long to attempt to make their voices heard, but the unexplained delay raises significant practical problems here.

The Court also notes that granting the leave request would result in incongruity between amici and the intervenors. In the October 4, 2021 order, the Court sought to reduce the potential for redundant briefing by clarifying that "[i]f an intervenor believes that an issue affecting it has not been briefed, it may move for leave to file a brief, but it may not repeat any argument already raised in the briefing submitted by one of the original parties to the action." (Doc. 53 at 4.) This approach has worked well so far—the intervenors have largely limited themselves to joining in the parties' arguments and, when they have offered additional arguments, they have clearly explained why supplementation is necessary. (Docs. 77, 93, 100.) Amici, in contrast, have lodged a lengthy proposed amicus brief (Doc. 103) without offering any explanation of how their arguments differ (if at all) from the Attorney General's existing arguments (Doc. 102).

Accordingly,

**IT IS ORDERED** that amici's motion (Doc. 102) is **denied**.

**IT IS FURTHER ORDERED** that the Attorney General's motion for leave to file a consolidated reply (Doc. 111) is **granted**. The Clerk of Court is directed to file the lodged reply (Doc. 112) on the docket.

Dated this 16th day of February, 2022.

Dominic W. Lanza
United States District Judge