# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota; Arizona Coalition for Change; Living United for Change in Arizona; and League of Conservation Voters, Inc. d/b/a Chispa AZ,<br><br>        Plaintiffs,<br><br>  and<br><br>DSCC and DCCC,<br><br>        Plaintiff-Intervenors,<br><br>    v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State; et al.,<br><br>        Defendants,<br><br>  and<br><br>RNC and NRSC,<br><br>        Defendant-Intervenors. | No. CV-21-01423-PHX-DWL<br><br>**PROTECTIVE ORDER** |

The Court recognizes that documents and information ("**Materials**" as defined herein) being sought through discovery in the above-captioned action are considered confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("**Order**") in this action to facilitate document production and disclosure, and to protect the respective interests of the parties in their confidential information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

Accordingly,

**IT IS ORDERED** that the parties' stipulation (Doc. 124) is granted and the following provisions shall be enforced.

The following Definitions apply in this Order:

    1.    The term "**Confidential Information**" means all information from the Statewide Voter Registration Database and from any Arizona county's Voter Registration Database.

    2.    The term "**Confidential Information Not To Be Disclosed**" means the following Confidential Information:

        (a) pursuant to A.R.S. § 16-168(F), (i) month and day of birth, (ii) social security number or any portion thereof, (iii) driver's license or nonoperating identification license number, (iv) Indian census number, (v) father's name or mother's maiden name, (vi) state or country of birth, (vii) signature, and (viii) voter's email address;

        (b) pursuant to A.R.S. § 16-153, any voter registration record for any person entitled to prevent public disclosure of personal information pursuant to A.R.S. § 16-153; and

        (c) pursuant to A.R.S. § 41-166, any voter registration record for any person registered with the Arizona Address Confidentiality Program, A.R.S. §§ 41-161, *et seq.*

    3.    The term "**Materials**" includes, but is not limited to: databases and related reports; documents; correspondence; memoranda; financial information; emails; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches;

drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

4.  The term "**State Defendants**" means Arizona Secretary of State Katie Hobbs and Arizona Attorney General Mark Brnovich.

5.  The term "**County Recorder Defendants**" means Apache County Recorder Larry Noble; Cochise County Recorder David W. Stevens; Coconino County Recorder Patty Hansen; Gila County Recorder Sadie Jo Bingham; Graham County Recorder Wendy John; Greenlee County Recorder Sharie Milheiro; La Paz County Recorder Richard Garcia; Maricopa County Recorder Stephen Richer; Mohave County Recorder Kristi Blair; Navajo County Recorder Michael Sample; Pima County Recorder Gabriella Cázares-Kelly; Pinal County Recorder Virginia Ross; Santa Cruz County Recorder Suzanne Sainz; Yavapai County Recorder Leslie M. Hoffman; and Yuma County Recorder Robyn S. Pouquette.

6.  The term "**Counsel**" means all counsel of record throughout the litigation, including outside counsel of record, and other attorneys, paralegals, secretaries, and support staff employed in the office of any counsel of record.

The following provisions apply in this litigation:

7.  The State Defendants and the County Recorder Defendants shall not produce Confidential Information Not To Be Disclosed to any party. The State Defendants and the County Recorder Defendants shall provide Plaintiffs with the total number of voters whose information is not being provided pursuant to paragraph 2(b) or 2(c). To the extent any Confidential Information Not To Be Disclosed is disclosed, inadvertently or otherwise, it will be held in the highest confidence and will not be transmitted in any way, in part or in full, to any person or organization. If a party realizes that it has received Confidential Information Not To Be Disclosed, that party shall immediately notify counsel for all parties. The producing party may request that the Confidential Information Not To Be Disclosed be returned or destroyed.

8. Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and/or transcripts of trial testimony and depositions that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL VOTER REGISTRATION INFORMATION." Any party may designate Materials as "CONFIDENTIAL VOTER REGISTRATION INFORMATION" only if, in the good faith belief of such party and its Counsel, the Materials contain Confidential Information, as defined in paragraph 1.

9. In the event the producing party elects to produce Materials containing Confidential Information for inspection, the producing party must affix a legend stating "CONFIDENTIAL VOTER REGISTRATION INFORMATION", or a clear derivative thereof to the extent necessary to comply with character limits, to the file name of such Materials.

10. Any person receiving Materials containing Confidential Information and thereafter making, or causing to be made, copies of these Materials shall make certain that these copies are appropriately identified by (a) affixing a legend stating "CONFIDENTIAL VOTER REGISTRATION INFORMATION" to the cover and all pages of such Materials or the parts thereof that include Confidential Information; (b) for electronic records containing Confidential Information, including in the file name "CONFIDENTIAL VOTER REGISTRATION INFORMATION"; or (c) otherwise identifying in writing the documents containing Confidential Information in a manner that reasonably identifies the documents so designated. Any person receiving Confidential Information under this Protective Order and thereafter making derivative works that include Confidential Information shall follow the same procedures with regard to identifying and labeling such works unless the derivative work does not contain personally identifying information or more than incidental amounts of Confidential Information.

11. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

      (a) The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL VOTER REGISTRATION INFORMATION".

      (b) Prior to the disclosure of Confidential Information, the disclosing party will have the right to exclude from attendance at the deposition any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 13, below.

      (c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL VOTER REGISTRATION INFORMATION", as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

    12. All Materials designated as "CONFIDENTIAL VOTER REGISTRATION INFORMATION" must not be disclosed by the receiving party to anyone other than those persons designated within this Order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

    13. Materials designated "CONFIDENTIAL VOTER REGISTRATION INFORMATION" may be viewed only by:

    (a) Counsel (as defined in paragraph 6, above) of the receiving party;

    (b) Independent experts and stenographic and clerical employees associated with such experts;

    (c) The Court and any Court staff and administrative personnel; and

    (d) Any court reporter employed in this litigation and acting in that capacity.

14. All individuals specified in paragraph 13(a) and 13(b) above and to whom Confidential Information is disclosed pursuant to this Protective Order must first execute an Agreement to Abide by Protective Order and Consent to Court's Jurisdiction (attached as Exhibit A). The parties shall maintain copies of such executed Agreements, which they may be required to produce in the course of discovery and/or file with the Court at the Court's direction.

15. All Materials that have been designated as "CONFIDENTIAL VOTER REGISTRATION INFORMATION" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies as necessary for their participation in this litigation, but only during the course of this litigation. The principals, employees or other agents of the parties who received Materials prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL VOTER REGISTRATION INFORMATION" may also retain copies of that information as is necessary for use in their respective businesses.

16. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. **The parties must follow the procedural requirements of LRCiv 5.6.** Nothing in this order shall be construed as automatically permitting a party to file under seal. Every motion to seal, including stipulations pursuant to LRCiv 5.6(d), must identify the legal

standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Furthermore, the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met. *Id*. Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include **highlighting** to indicate which portions of the document the party seeks to redact. Additionally, a party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

17. Confidential Information and Materials designated "CONFIDENTIAL VOTER REGISTRATION INFORMATION" shall be used solely for the prosecution or defense of this action.

18. At any stage of these proceedings, any party may object to a designation of confidentiality. The party objecting to confidentiality must submit written objections and the grounds for the objections to Counsel for the producing party. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

19. At any stage of these proceedings, any party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials. The party must submit to Counsel for the producing party a written notice identifying the relevant Materials and the individuals to whom the party wishes to disclose the Materials. If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure. In the event any party files a motion requesting such disclosure, the Materials shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

20. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information, which shall include: (a) limiting access to Confidential Information to the individuals identified in paragraph 7 of this Order; (b) storing all Confidential Information on secure storage media; (c) requiring a password for any computer that accesses Confidential Information; (d) requiring individuals accessing Confidential Information to secure the machine, media, or hard copy of that information when any Confidential Information is unattended; (e) ensuring any hard copies of personally identifiable information are promptly shredded when no longer being used; and (f) requiring any hard copies of personally identifiable information to be stored in a physically secure location.

21. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

22. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

23. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the Materials as confidential once the producing party so notifies the receiving party.  If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL VOTER REGISTRATION INFORMATION".

24. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

25. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

26. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

27. Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

28. Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing Confidential Information as permitted by law. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

29. Within fourteen (14) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy it. With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party.

Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.  Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation.

30. Any party may designate as "CONFIDENTIAL VOTER REGISTRATION INFORMATION" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

(a) Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL VOTER REGISTRATION INFORMATION" to all other parties in possession or custody of such previously undesignated Materials.  Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

          (c) All such designations must be made within thirty (30) days of the date of this Order.

31. Transmission by e-mail, facsimile, or other reliable electronic means is acceptable for all notification purposes within this Order.

32. This Order may be modified by agreement of the parties, subject to approval by the Court.

33. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

34. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

Dated this 16th day of March, 2022.

_____
Dominic W. Lanza
United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota; Arizona Coalition for Change; Living United for Change in Arizona; and League of Conservation Voters, Inc. d/b/a Chispa AZ,<br><br>                Plaintiffs,<br><br>     and<br><br>DSCC and DCCC,<br><br>                Plaintiff-Intervenors,<br><br>     v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State; et al.,<br><br>                Defendants,<br><br>     and<br><br>RNC and NRSC,<br><br>                Defendant-Intervenors. | No.<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

    1.    I am employed as _____ by _____.

    2.    I have read the Stipulated Protective Order (the "Order") entered in *Mi Familia Vota, et al. v. Hobbs, et al.*, No. CV-21-01423-PHX-DWL and have received a copy of the Order.

3. I promise that I will use any and all Materials designated "CONFIDENTIAL VOTER REGISTRATION INFORMATION" given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such Materials designated "CONFIDENTIAL VOTER REGISTRATION INFORMATION" with anyone other than the persons described in paragraph 7 of the Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6. I understand that any disclosure or use of Materials designated "CONFIDENTIAL VOTER REGISTRATION INFORMATION" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7. The limitations described above and in the Protective Order apply only to the Confidential Information as produced by the State Defendants and the County Recorder Defendants in this litigation. The Protective Order and my agreement to abide by it do not limit my use of the same or similar information obtained other than through discovery in this litigation. Such use is governed by Arizona law, including without limitation and where applicable A.R.S. § 16-168.

8. 7. I will return all Materials designated "CONFIDENTIAL VOTER REGISTRATION INFORMATION" (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials designated "CONFIDENTIAL VOTER REGISTRATION INFORMATION.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____      _____
                                                    Signature