1   **MARK BRNOVICH**
    **ATTORNEY GENERAL**
2   Joseph A. Kanefield (No. 15838)
    *Chief Deputy & Chief of Staff*
3   Brunn ("Beau") W. Roysden III (No. 28698)
    *Division Chief*
4   Drew C. Ensign (No. 25463)
    *Deputy Solicitor General*
5   Robert J. Makar (No. 33579)
6   *Assistant Attorney General*
    2005 N. Central Avenue
7   Phoenix, Arizona 85004
    Telephone: (602) 542-5200
8   Drew.Ensign@azag.gov

9   *Attorneys for Mark Brnovich,*
10  *Arizona Attorney General*

11              **UNITED STATES DISTRICT COURT**

12                  **DISTRICT OF ARIZONA**

13  Mi Familia Vota, et al.,

14          Plaintiffs,                    Case No: 2:21-cv-01423-DWL

15  vs.
                                           **ATTORNEY GENERAL'S ANSWER TO**
16                                         **DSCC'S and DCCC'S COMPLAINT IN**
    Katie Hobbs, et al.,                   **INTERVENTION (Doc. 55)**
17
18          Defendants.

19

20

21

22

23

24

25

26

27

28

Defendant Mark Brnovich, Arizona Attorney General (the "Defendant"), through undersigned counsel, hereby answers the Complaint in Intervention (Doc. 55) submitted by the DSCC and DCCC ("Plaintiff-Intervenors") as follows:

**INTRODUCTION**

1.     Defendant Brnovich admits that this action concerned Arizona Senate Bill 1003 and Arizona Senate Bill 1485 but the Court has dismissed the claims relating to SB 1003. The Supreme Court's opinion in Westberry v. Sanders, 376 U.S. 1 (1964), speaks for itself. Defendant Brnovich denies the remaining allegations in this paragraph.

2.     Denied.

3.     Defendant Brnovich lacks sufficient information to admit or deny the allegations in paragraph 3 related to turnout in Arizona elections and therefore denies the same.  The remainder of the allegations in this paragraph are also denied.

4.     Defendant Brnovich admits that Arizona has permitted voting by mail since 1991 and has maintained the Permanent Early Voting List since 2007, but is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 4 and therefore denies the same.

5.     The alleged statements attributed to Governor Ducey, Secretary Hobbs and third parties, and the legal proceedings referenced in paragraph 5 speak for themselves. The allegations in this paragraph are denied.

6.     Defendant Brnovich admits that the Arizona Legislature adopted SB 1003 and SB 1485 but denies the remaining allegations in paragraph 6.  The Court has dismissed the claims relating to SB 1003.

7.     Defendant Brnovich admits that Governor Ducey signed S.B. 1003 on May 7, 2021. The provisions of S.B. 1003 and related statutes speak for themselves.

8.     Defendant Brnovich admits that Governor Ducey signed S.B. 1485 on May 11, 2021. The provisions of S.B. 1485 speak for themselves.

9.     Denied.

10.     Denied.

11.     Defendant Brnovich admits that Plaintiff-Intervenors purport to premise

1

their claims on 42 U.S.C. §§ 1983 and 1988, but deny that any such claims are valid.

12. Paragraph 12 states a legal conclusion to which no response is required.

13. The first sentence of paragraph 13 states a legal conclusion to which no response is required. Defendant Brnovich admits the allegations in the second sentence of paragraph 13.

14. The first sentence of paragraph 14 states a legal conclusion to which no response is required. Defendant Brnovich admits the allegations in the second sentence of paragraph 14.

15. Defendant Brnovich admits that the County Recorder Defendants work or reside in Arizona. The remainder of paragraph 15 states a legal conclusion to which no response is required.

16. Admit.

17. Paragraph 17 states a legal conclusion to which no response is required.

18. Defendant Brnovich admits that the DSCC is the national senatorial committee of the Democratic Party but is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 18.

19. Defendant Brnovich admits that the DCCC is the national congressional committee of the Democratic Party but is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 19.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

25. The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

26. The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

27. Defendant Brnovich admits the allegations in the first sentence of paragraph 27. The cited statutes speak for themselves.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Admit.

42. Admit.

43. Admit that this allegation was accurate when the complaint was filed.

44. A.R.S. § 16-541 speaks for itself. Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 44.

45. Defendant Brnovich admits that the PEVL was established in 2007. A.R.S. §§ 16-542 and 16-544 speak for themselves.

46. A.R.S. §§ 16-544 and 16-166 speak for themselves.

47. Defendant Brnovich lacks sufficient information to admit or deny the allegations in paragraph 47 and therefore denies the same.

48. Defendant Brnovich lacks sufficient information to admit or deny the allegations in paragraph 48 and therefore denies the same.

49. Defendant Brnovich lacks sufficient information to admit or deny the allegations in paragraph 49 and therefore denies the same.

3

50.     A.R.S. § 16-550 speaks for itself.  The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

51.     A.R.S. § 16-550 and amendments to the same speak for themselves.  The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

52.     A.R.S. § 16-579 and the 2019 Election Procedures Manual speak for themselves.  The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

53.     Denied.

54.     The 2019 EPM speaks for itself; admitted that the Attorney General must approve a draft EPM for it to take effect; the remainder of the allegations are denied.

55.     Defendant Brnovich lacks sufficient information to admit or deny the allegations in paragraph 55 and therefore denies the same.

56.     The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

57.     The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

58.     The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

59.     The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

60.     The source cited for the allegations in paragraph 60 speaks for itself.

61.     Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 61 and therefore denies the same. The unspecified alleged statements by county and state elections officials and court rulings speak for themselves.

62.     The results of the counties' hand audits speak for themselves.

63.     The source cited for the allegations in paragraph 63 speaks for itself.

64.     The source cited for the allegations in paragraph 64 speaks for itself.

65.     A.R.S. § 16-648 and the alleged statements of the Governor and the

4

Secretary of State cited in paragraph 65 speak for themselves.

66.     The dispositions in Bowyer v. Ducey, 506 F. Supp. 3d 699 (D. Ariz. 2020), and any other unspecified legal proceedings referenced in paragraph 66 speak for themselves.

67.     The disposition in Ward v. Jackson, No. CV-20-0343-AP/EL, 2020 WL 8617817 (Ariz. Dec. 8, 2020), speaks for itself.

68.     Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 68 and therefore denies the same.

69.     Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 69 and therefore denies the same.

70.     Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 70 and therefore denies the same.

71.     Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 71 and therefore denies the same.

72.     Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 72 and therefore denies the same.

73.     The content of the alleged letter of Maricopa County Recorder Stephen Richer speaks for itself, and the allegations in this paragraph are otherwise denied.

74.     The content of the alleged letter of Maricopa County Recorder Stephen Richer speaks for itself, and the allegations in this paragraph are otherwise denied.

75.     Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 75 and therefore denies the same.

76.     Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 76 and therefore denies the same.

77.     Denied.

78.     Defendant Brnovich admits that legislative support "coalesced" for S.B. 1003 and S.B. 1485 but denies the remaining allegations in paragraph 78.

79.     The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

80.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

81.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

82.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

83.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

84.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

85.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

86.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

87.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

88.   The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

89.   Arizona law, as it existed prior to the enactment of S.B. 1485, speaks for itself.  Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 89 and therefore denies the same.

90.   The provisions of S.B. 1485 speak for themselves.

91.   The provisions of S.B. 1485 speak for themselves.

92.   The provisions of S.B. 1485 speak for themselves.

93.   The provisions of S.B. 1485 speak for themselves.

94.   The provisions of S.B. 1485 and other provisions of A.R.S. § 16-544 speak for themselves. Defendant Brnovich is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 94, for which the Complaint cites no supporting source, and therefore denies the same.

95.    Denied.

96.    Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 96 and therefore denies the same.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 102 and therefore denies the same.

103.    Denied.

104.    Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 104 and therefore denies the same.

105.    The Court has dismissed the claims relating to S.B. 1003, and this paragraph is denied.

106.    Denied.

107.    Denied.

108.    Senator Leach's alleged statements and provisions of Arizona law governing the status of inactive voters on the PEVL speak for themselves.

109.    Denied.

110.    Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 110 and therefore denies the same.

111.    Denied.

112.    Denied.

113.    Defendant Brnovich is without knowledge or information sufficient to admit or deny the allegations in paragraph 113 and therefore denies the same.

114.    The alleged statements of Representative Bolding and Representative Grantham speak for themselves. Defendant Brnovich denies the allegations in paragraph 114 to the extent they allege that Representative Grantham's alleged statements reflect a

racially discriminatory purpose.

115. Denied.

116. Representative Kavanagh's alleged statements speak for themselves. Defendant Brnovich denies the allegations in paragraph 116 to the extent they allege that Representative Kavanagh's alleged statements reflect a racially discriminatory purpose.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Defendant Brnovich re-alleges and incorporates by reference his responses to paragraphs 1-121.

123. The Court has dismissed this count, and this paragraph is denied.

124. The Court has dismissed this count, and this paragraph is denied.

125. The Court has dismissed this count, and this paragraph is denied.

126. The Court has dismissed this count, and this paragraph is denied.

127. The Court has dismissed this count, and this paragraph is denied.

128. The Court has dismissed this count, and this paragraph is denied.

129. The Court has dismissed this count, and this paragraph is denied.

130. The Court has dismissed this count, and this paragraph is denied.

131. The Court has dismissed this count, and this paragraph is denied.

132. Defendant Brnovich re-alleges and incorporates by reference his responses to paragraphs 1-131.

133. Section 2 of the Voting Rights Act speaks for itself.

134. Paragraph 134 states a legal conclusion to which no response is required. Section 2 of the Voting Rights Act and Thornburg v. Gingles, 478 U.S. 30 (1986), speak for themselves.

135. Paragraph 135 states legal conclusions to which no response is required. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252

(1977), speaks for itself.

136.   Denied.

137.   Defendant Brnovich re-alleges and incorporates by reference his responses to paragraphs 1-136.

138.   The Fourteenth Amendment speaks for itself.

139.   The Fifteenth Amendment speaks for itself.

140.   Paragraph 140 states legal conclusions to which no response is required. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), speaks for itself.

141.   Denied.

## AFFIRMATIVE DEFENSES

142.   The allegations in the complaint fail to state a claim.

143.   Plaintiffs' requested relief is barred by the *Purcell* principle.

## RESPONSE TO PRAYER FOR RELIEF

Defendant Brnovich denies that Plaintiff-Intervenors are entitled to any of the relief requested.

Respectfully submitted this 26th day of September, 2022.

MARK BRNOVICH
ATTORNEY GENERAL

By: s/ Robert J. Makar
Joseph A. Kanefield (No. 15838)
*Chief Deputy & Chief of Staff*
Brunn ("Beau") W. Roysden III (No. 28698)
*Solicitor General*
Drew C. Ensign (No. 25463)
*Deputy Solicitor General*
Robert J. Makar (No. 33579)
*Assistant Attorney General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for Mark Brnovich, Arizona Attorney General*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.


s/ Robert J. Makar
Robert J. Makar
*Counsel for Mark Brnovich, Arizona Attorney General*