Lauren Elliott Stine (AZ #025083)
Coree E. Neumeyer (AZ# 025787)
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391
(602) 229-5200
Lauren.Stine@quarles.com
Coree.Neumeyer@quarles.com

Lee H. Rubin (Admitted PHV)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

Courtney Hostetler (Admitted PHV)
John Bonifaz (Admitted PHV)
Ben Clements (Admitted PHV)
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
jbonifaz@freespeechforpeople.org
chostetler@freespeechforpeople.org
bclements@freespeechforpeople.org

*Additional counsel listed on last page*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota; et al., <br> Plaintiffs, <br> and <br> DSCC and DCCC, <br> Plaintiff-Intervenors, <br> v. <br> Adrian Fontes, in his official capacity as Arizona Secretary of State; et al., <br> Defendants, <br> and <br> RNC and NRSC, <br> Defendant-Intervenors. | Case No. CV-21-01423-DWL <br><br> **JOINT SUMMARY OF DISCOVERY DISPUTE REGARDING LEGISLATIVE PRIVILEGE** |

**INTRODUCTION**

Pursuant to the Court's December 15, 2021, Order (Doc. 85), Plaintiffs Mi Familia Vota, Arizona Coalition for Change ("AZC4C"), Living United for Change in Arizona ("LUCHA"), and League of Conservation Voters, Inc. d/b/a Chispa AZ ("Plaintiffs") and non-party Arizona legislators submit the following joint summary of their discovery dispute. The dispute concerns the assertion of legislative privilege over documents responsive to several Rule 45 subpoenas ("Subpoenas") served on key legislators on January 7 and April 27, 2022.

**JOINT SUMMARY OF DISCOVERY DISPUTE**

Plaintiffs claim that the Arizona legislature enacted SB 1485 in order to burden the rights of voters of color. In June 2022, this Court held that Plaintiffs had plausibly alleged that the legislature enacted this bill with discriminatory purpose, based among other things on contemporaneous statements by Representative Kavanagh and the legislature's other activities with regard to supposed claims of voter fraud, when viewed in the light most favorable to Plaintiffs. *See* June 24, 2022 Order, ECF No. 154. Consistent with that Order, Plaintiffs' Subpoenas seek information from certain state legislators that Plaintiffs assert are relevant to their claim, including documents and communications relating to legislation regarding voting from the 55th Legislative Session.

The parties have engaged in an extensive meet-and-confer process regarding the Subpoenas. One of the key points of dispute during these discussions has been the applicability and scope of legislative privilege. After good-faith discussions on both sides and the production of approximately 33,000 documents in response to the Subpoenas, the legislators continue to withhold a number of documents based on this privilege, including but not limited to communications between legislators and third parties outside the legislature.

Plaintiffs and the legislators disagree over the assertion of privilege and request that the Court set a briefing schedule to resolve this dispute.

**PLAINTIFFS' POSITION**

The legislators cannot withhold responsive documents under the legislative privilege for two reasons. ***First***, the legislators cannot assert legislative privilege over communications they or their staff had with third parties. Legislative privilege protects "candor in . . . internal exchanges" *within* the legislature. *United States v. Gillock*, 445 U.S. 360, 373 (1980). As nearly all courts to address the question have held, therefore, the privilege does not extend to communications with outsiders, who do not participate in the process of deliberating over and voting for legislation.[1]

Plaintiffs acknowledge that one decision in this District has held the the legislative privilege does extend to communications with third parties. S*ee Puente Arizona v. Arpaio*, 314 F.R.D. 664 (D. Ariz. 2016). However, *Puente Arizona*'s analysis is flawed, and other courts recognize that the case is an outlier and is unpersuasive. *See, e.g.*, *La Union Del Pueblo Entero,* 2022 WL 1667687, at \*4; *Jackson Mun. Airport Auth. v. Bryant*, 2017 WL 6520967, at \*8.

***Second***, even as to documents to which legislative privilege applies, that privilege is not absolute. *See, e.g., In re Grand Jury,* 821 F.2d 946, 957 (3d Cir. 1987). As a qualified privilege, the legislative privilege must yield "where important federal interests are at stake," such as the fundamental right to vote. *Gillock*, 445 U.S. at 373. Courts apply a five-factor test to determine whether legislative privilege is overcome, considering "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the seriousness of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *La Union Del Pueblo Entero*, 2022 WL 1667687 at \*6 (internal quotation marks omitted).

---

[1] *See, e.g.*, *La Union Del Pueblo Entero v. Abbott,* No. 21-cv-844, 2022 WL 1667687, at \*3 (W.D. Tex. May 25, 2022); *League of Women Voters of Michigan v. Johnson*, No. 17-cv-14148, 2018 WL 2335805, at \*6 (E.D. Mich. May 23, 2018); *Jackson Mun. Airport Auth. v. Bryant*, No. 16-cv-246, 2017 WL 6520967, at \*7 (S.D. Miss. Dec. 19, 2017); *Bethune-Hill v. Virginia State Bd. of Elections*, 114 F. Supp. 3d 323, 343 (E.D. Va. 2015); *Favors v. Cuomo*, 285 F.R.D. 187, 212 (E.D.N.Y. 2012).

As to factor (i), the communications of legislators are highly relevant to Plaintiffs' intentional discrimination claim, as this Court has already recognized. *See* June 24, 2022 Order, ECF No. 154, at 55- 57; October 27, 2022 Order, ECF No. 184, at 23 and n.11. As to factor (ii), there is no substitute for this direct source of such important evidence. As to factor (iii), this litigation involves important federal rights, because Plaintiffs seek to vindicate Arizonans' equal protection under the Fourteenth Amendment, and in particular their equal access to the fundamental right to vote. As to factor (iv), the legislators' central role in this litigation, which turns on their motivations and purposes in passing SB 1485, further supports disclosure here. Finally, factor (v) is not particularly relevant here and is insufficient to overcome the other factors that weigh strongly in favor of disclosure. Accordingly, as applied to this case, Plaintiffs can show that these factors support disclosure of many or all documents withheld under legislative privilege.

**THE LEGISLATORS' POSITION**

The documents in dispute fall under the legislative privilege as consistently held by federal courts. ***First,*** federal courts, including a well-reasoned decision from Judge Campbell of this District, have found communications between legislators and third parties created in connection with legislative activity protected by the legislative privilege. *Puente Arizona*, 314 F.R.D. at 670–71; *see also League of Women Voters of Florida, Inc. v. Lee*, 2021 WL 5283949, at *3 (N.D. Fla. 2021). One of the key purposes for the legislative privilege is to protect legislators from undue intrusion into their routine actions taken in their legislative capacity. *League of Women Voters*, 2021 WL 5283949, at *3; *see also Lee v. City of Los Angeles,* 908 F.3d 1175, 1187 (9th Cir. 2018) ("state and local officials undoubtedly share an interest in minimizing the distraction of divert[ing] their time, energy, and attention from their legislative tasks to defend the litigation") (internal quotation omitted). Meeting or communicating with constituents or other third parties are vital and routine components of the legislative process, and therefore a legislator's communications with third-party attorneys, lobbyists, and constituents regarding the formulation of legislation are covered by the legislative privilege. *League of Women*

*Voters*, 2021 WL 5283949, at *3.

**Second,** the Legislators' interest in maintaining the privilege over these disputed documents overcomes the Plaintiffs' claimed need to obtain the privileged material. Plaintiffs already have access to the most relevant legislative intent information, namely the public legislative history materials concerning SB 1485, which includes videos of the legislative hearings. *Puente Arizona*, 314 F.R.D. at 672 (noting that Plaintiffs had access to the traditional sources of legislative history in finding that the availability of other evidence weighed in favor of upholding the legislative privilege). In addition, in the course of good-faith discussions with Plaintiffs' counsel over the last several months, the Legislators produced approximately 33,000 documents to the Plaintiffs. These documents included emails and text messages from the Legislators' personal cell phones, notwithstanding the questionable relevancy of an individual legislator's communications to the overall legislative intent. In short, Plaintiffs have access to ample information about these bills (including the Legislators' contemporaneous public statements).

The fourth and fifth factors also favor application of the legislative privilege. The State is a defendant in the case and has sought to uphold the challenged legislation. Moreover, applying the privilege would serve to "protect legislators from unwarranted interference with their legislative activity," *Puente Arizona*, 314 F.R.D. at 672, and to "encourage frank and honest discussion among lawmakers." *League of Women Voters*, 2021 WL 5283949, at *7 (quotation omitted). A large majority of the documents being withheld as privileged involve communications between and among the Legislators and their staff. To disclose these internal communications would interfere with the Legislators' legitimate legislative activity and ability to communicate freely with each other and their staff. While voting rights cases involve serious issues, the balance of the factors in this case weigh in favor of maintaining the legislative privilege over the documents in dispute.

## **CERTIFICATION OF COUNSEL**

Undersigned counsel certify that they have attempted to resolve this discovery dispute through personal consultation (via written communications and telephonic conferences) and sincere efforts as required by Local Rule of Civil Procedure 7.2(j). Despite these good-faith efforts, the parties have been unable to resolve their dispute.

| | |
|---|---|
| Dated: March 2, 2023 | Respectfully submitted, |

|  |  |
|---|---|
| Lee H. Rubin (Admitted PHV)<br>MAYER BROWN LLP<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306-2112<br>(650) 331-2000<br>lrubin@mayerbrown.com | */s/ Coree E. Neumeyer*<br>Lauren Elliott Stine (AZ #025083)<br>Coree E. Neumeyer (AZ# 025787)<br>QUARLES & BRADY LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Phoenix, AZ 85004-2391<br>(602) 229-5200<br>Lauren.Stine@quarles.com<br>Coree.Neumeyer@quarles.com |
| Gary A. Isaac (Admitted PHV)<br>Daniel T. Fenske (Admitted PHV)<br>Jed W. Glickstein (Admitted PHV)<br>MAYER BROWN LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600<br>gisaac@mayerbrown.com<br>dfenske@mayerbrown.com<br>jglickstein@mayerbrown.com | Courtney Hostetler (Admitted PHV)<br>John Bonifaz (Admitted PHV)<br>Ben Clements (Admitted PHV)<br>FREE SPEECH FOR PEOPLE<br>1320 Centre Street, Suite 405<br>Newton, MA 02459<br>(617) 249-3015<br>chostetler@freespeechforpeople.org<br>jbonifaz@freespeechforpeople.org<br>bclements@freespeechforpeople.org |
| Rachel J. Lamorte (Admitted PHV)<br>MAYER BROWN LLP<br>1999 K Street NW<br>Washington, DC 20006<br>(202) 362-3000<br>rlamorte@mayerbrown.com | |

*Attorneys for Plaintiffs*

*/s/ Hannah Porter*   (*with consent*)

Kevin O'Malley
Hannah Porter
Ashley Fitzgibbons
GALLAGHER & KENNEDY
2575 E. Cambelback Road, Suite 1100
Phoenix, Arizona 85016-9925
(602) 530-8000
kevin.omalley@gknet.com
hannah.porter@gknet.com
ashley.fitzgibbons@gknet.com

*Attorneys for Arizona Legislators*

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, a copy of the foregoing **JOINT SUMMARY OF DISCOVERY DISPUTE** was filed electronically with the Arizona District Court Clerk's Office using the CM/ECF System for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants, and served via e-mail on the following recipients:

Kevin O'Malley
Hannah Porter
Ashley Fitzgibbons
GALLAGHER & KENNEDY
2575 E. Cambelback Road, Suite 1100
Phoenix, Arizona 85016-9925
(602) 530-8000
kevin.omalley@gknet.com
hannah.porter@gknet.com
ashley.fitzgibbons@gknet.com

　　　　　　　　　　　　　　　　　　　　　/s/ Pam Worth