| | |
|---|---|
| Lauren Elliott Stine (AZ #025083)<br>Coree E. Neumeyer (AZ# 025787)<br>QUARLES & BRADY LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Phoenix, AZ 85004-2391<br>(602) 229-5200<br>Lauren.Stine@quarles.com<br>Coree.Neumeyer@quarles.com<br><br>Lee H. Rubin (Admitted PHV)<br>MAYER BROWN LLP<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306-2112<br>(650) 331-2000<br>lrubin@mayerbrown.com | Courtney Hostetler (Admitted PHV)<br>John Bonifaz (Admitted PHV)<br>Ben Clements (Admitted PHV)<br>FREE SPEECH FOR PEOPLE<br>1320 Centre Street, Suite 405<br>Newton, MA 02459<br>(617) 249-3015<br>jbonifaz@freespeechforpeople.org<br>chostetler@freespeechforpeople.org<br>bclements@freespeechforpeople.org |

*Additional counsel listed on last page*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota; et al.,<br>   Plaintiffs,<br> and<br>DSCC and DCCC,<br>   Plaintiff-Intervenors,<br> v.<br>Adrian Fontes, in his official capacity as Arizona Secretary of State; et al.,<br>   Defendants,<br> and<br>RNC and NRSC,<br>   Defendant-Intervenors. | Case No. CV-21-01423-DWL<br><br>**SUMMARY OF DISCOVERY DISPUTE RELATING TO COMPLIANCE WITH THE COURT'S OCTOBER 27, 2022 ORDER** |

## INTRODUCTION

Pursuant to the Court's December 15, 2021 Order (ECF No. 85), Plaintiffs[1] submit this summary of a discovery dispute. While such a statement of discovery dispute would typically be jointly filed, The Republican Party of Arizona (hereinafter, "RPA") has continued to engage in a practice of delay and has neither provided Plaintiffs with its portion of a joint statement of discovery dispute nor informed Plaintiffs when they might expect to receive the same, despite Plaintiffs informing RPA on June 12, 2023 that such statement would be filed if the parties could not move past the impasse. Ex. 2 at 1-2. In light of RPA's diliatory tactics, Plaintiffs requested RPA's submission by June 21, 2023, at which point RPA promised a "response by July 6th if not sooner next week (possibly next Thurs/Fri)." *Id.* Plaintiffs responded that it would wait until July 6th at 2:00 MT to receive RPA's response, a deadline RPA missed without correspondence to Plaintiffs. *Id.* at 1. Accordingly, Plaintiffs are forced to file this statement unilaterally.

The dispute concerns RPA's compliance with this Court's October 27, 2022 Order (ECF No. 184) ("Order"), requiring RPA to comply in-part with Plaintiffs' Rule 45 subpoena ("Subpoena"). A copy of the relevant correspondence is attached hereto as Exhibits 1 and 2. Plaintiffs respectfully request the Court's resolution of this dispute. Plaintiffs are also prepared to brief these matters at the Court's request.

**<u>PLAINTIFFS' POSITION</u>**

Over seventeen months after Plaintiffs served the Subpoena and over seven months after the Court's Order enforcing it, RPA still has not complied. RPA's initial search for documents was insufficient, omitting searches likely to identify responsive documents.[2] On December 13, RPA made an initial production of 349 pages containing "outward-facing/public items on social media," but did not produce any internal documents. Ex. 1 at

---

[1] Mi Familia Vota, Arizona Coalition for Change ("AZC4C"), Living United for Change in Arizona ("LUCHA"), and League of Conservation Voters, Inc. d/b/a Chispa AZ ("Plaintiffs").

[2] Following the Court's Order, RPA continued its pattern of delay, deferring any compliance until December 2022—almost a year after the Subpoena was issued—citing vacations, holidays, and election wind-down matters. Ex. 1 at 27 (November 1 email).

-1-

22. RPA also initially refused to produce a privilege log despite the Court's Order, and then produced a facially deficient log. *See id.* at 11, 13, 20-22 (Dec. 13, 15; Jan. 19, 31 emails).[3] RPA made subsequent productions on January 19 and purported to complete its production on February 1, 2023. *Id.* at 9-10, 13. After evaluating the production, Plaintiffs requested confirmation that RPA had no voter data responsive to the Requests, and, because RPA's prior searches were cursory and unlikely to identify responsive documents, provided a list of search terms for RPA to apply. *Id.* at 8-9 (Mar. 6, 23 emails).[4]

For example, request for production (RFP) 1 seeks all documents and communications related to SB 1485 or SB 1003. RPA searched for the bill numbers, but omitted terms relevant to the subject matter of the bills, such as "Permanent Early Voting List," "PEVL," "purge," or "cure." Ex. 1 at 8 (March 6 email). As another example, RFPs 2, 6 and 7 broadly seek documents related to early voter demographics and the PEVL, but RPA omitted terms likely to identify responsive information, such as the term "black." *Id*. Finally, RFP 11 seeks all communications between RPA and third-party organizations, including *but not limited to* the Heritage Foundation, regarding the legislation. RPA only searched the term "Heritage Foundation" in response to this RFP. *Id.*

RPA initially declined to perform additional searches unless Plaintiffs agreed to pay for such searches in advance. Ex. 1 at 4 (Apr. 10 email). Plaintiffs did not agree, since they are public interest organizations and RPA failed to carry its burden to show that cost shifting is appropriate. *Id.* (Apr. 24 email). Plaintiffs notified RPA of their intent to bring this dispute to the Court for resolution. *Id.* Thereafter, RPA agreed, on April 24, 2023, to

---

[3] On December 21, 2022, counsel for RPA and Plaintiffs discussed that RPA would consider producing any responsive documents subject to a non-waiver agreement to avoid the need to produce a privilege log. However, RPA ultimately elected not to produce materials subject to the non-waiver agreement, and instead produced a privilege log that fails to provide any meaningful basis for evaluating the assertion of privilege, and subsequently described only in general terms by email and phone what it was electing to withhold. Ex. 1 at 13, 16 (Dec. 27, Jan. 3, Jan. 19 emails).

[4] On December 5, 2022, Plaintiffs agreed that the RPA could focus its initial search efforts on its four permanent employees, and, while reserving all rights, did not insist on expansive searches of the custodial files maintained by RPA's Executive Committee, temporary employees, and precinct-level committee staff in the first instance. Ex. 1 at 24.

1  run the additional searches. Ex. 1 at 3. But on May 16, 2023, RPA informed Plaintiffs that
2  it was unable to complete all of the searches, and that it would not review the search results
3  because they were too numerous. Ex. 2 at 4. Plaintiffs suggested alterations to search terms
4  to address any concerns, but stressed that the results were proportional to the needs of the
5  case. *Id.* (June 2 email). On June 2, 2023, RPA stated that it would not review the
6  documents returned by the searches. *Id.* at 3.[5]

7  RPA has refused to comply unless Plaintiffs agree to bear the cost of its compliance
8  with the Subpoena. Ex. 2 at 3 (June 2 email). The Court previously denied RPA's prior
9  request for cost shifting, and the result should be no different here. RPA has "made no
10 factual showing" that its costs would be "reasonably incurred and/or 'significant'" under
11 Rule 45(d)(2)(B)(ii). *See* Order at 41. Nor has RPA shown that its financial status renders
12 the cost of compliance significant as required by the Rule. *See Balfour Beatty*
13 *Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 282 (N.D. Cal. 2017) (considering "a
14 nonparty's ability to bear the costs of production as one factor in determining whether costs
15 are 'significant'"). And even if RPA could carry its burden, cost shifting would not be
16 warranted here. RPA has dragged out this process for more than seventeen months, during
17 which time Plaintiffs have had to police RPA's response efforts at every turn, and despite
18 the fact that the Court ordered compliance with the Subpoena more than seven months ago.
19 Finally, Plaintiffs are also public interest organizations that should not be required to bear
20 the costs of this review, which includes documents that are responsive to a reasonably
21 tailored set of search terms. There should be no further delays, and RPA should bear its
22 own costs and comply with the Subpoena.[6]

---

[5] Setting aside that the current review totals are proportional given the matters at stake in this lawsuit, it appears that a number of the concerns raised by RPA regarding potential duplicates and false positives generated by the searches could be mitigated through routine use of e-discovery review software commonly found in law firms and available through various vendors.

[6] Rather than simply comply, RPA has made specious assertions that arguments in Plaintiffs' motion to compel were unsupported. Ex. 1 at 7-8 (Mar. 9, 29 emails). If RPA continues to make such claims, Plaintiffs are prepared to respond at the Court's direction.

Plaintiffs respectfully request that the Court order RPA to (i) perform the requested searches, identified in Ex. 1 at 6, across any document sources (including email, shared drives, texts, or other materials in RPA's possession, custody, or control) reasonably likely to contain relevant information, (ii) produce all responsive, non-privileged documents at RPA's own expense, and (iii) provide a sufficiently detailed privilege log compliant with the Federal Rules for any documents it is withholding by no later than July 20, 2023; and also (iv) certify to the Court that it complied with the Order in its entirety.[7]

---

[7] RPA also should produce documents within the scope of the Order and known to RPA, even if they do not hit on search terms. In addition, the Subpoena sought certain augmented voter data that RPA has not produced, claiming it does not maintain such data. Ex. 1 at 13-14 (January 17 email). Plaintiffs respectfully request that RPA certify the same to the Court.

-4-

**CERTIFICATION OF COUNSEL**

Undersigned counsel certify that they have attempted to resolve this discovery dispute through personal consultation (via written communications and telephonic conferences) and sincere efforts as required by Local Rule of Civil Procedure 7.2(j). Despite these good-faith efforts, the parties have been unable to resolve their dispute.

| | | |
|---|---|---|
| 1 | Dated: July 6, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | Lee H. Rubin (Admitted PHV) | */s/ Coree E. Neumeyer* |
| | MAYER BROWN LLP | Lauren Elliott Stine (AZ #025083) |
| 4 | Two Palo Alto Square, Suite 300 | Coree E. Neumeyer (AZ# 025787) |
| 5 | 3000 El Camino Real | QUARLES & BRADY LLP |
| | Palo Alto, CA 94306-2112 | One Renaissance Square |
| 6 | (650) 331-2000 | Two North Central Avenue |
| 7 | lrubin@mayerbrown.com | Phoenix, AZ 85004-2391 |
| | | (602) 229-5200 |
| 8 | | Lauren.Stine@quarles.com |
| | | Coree.Neumeyer@quarles.com |
| 9 | Gary A. Isaac (Admitted PHV) | Courtney Hostetler (Admitted PHV) |
| | Daniel T. Fenske (Admitted PHV) | John Bonifaz (Admitted PHV) |
| 10 | Jed W. Glickstein (Admitted PHV) | Ben Clements (Admitted PHV) |
| | MAYER BROWN LLP | FREE SPEECH FOR PEOPLE |
| 11 | 71 S. Wacker Drive | 1320 Centre Street, Suite 405 |
| 12 | Chicago, IL 60606 | Newton, MA 02459 |
| | (312) 782-0600 | (617) 249-3015 |
| 13 | gisaac@mayerbrown.com | chostetler@freespeechforpeople.org |
| | dfenske@mayerbrown.com | jbonifaz@freespeechforpeople.org |
| 14 | jglickstein@mayerbrown.com | bclements@freespeechforpeople.org |
| 15 | Rachel J. Lamorte (Admitted PHV) | |
| | MAYER BROWN LLP | |
| 16 | 1999 K Street NW | |
| | Washington, DC 20006 | |
| 17 | (202) 362-3000 | |
| | rlamorte@mayerbrown.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2023, a copy of the foregoing **SUMMARY OF DISCOVERY DISPUTE** was filed electronically with the Arizona District Court Clerk's Office using the CM/ECF System for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants, and served via e-mail on the following recipients:

*s/ Coree E. Neumeyer*
Lauren Elliott Stine (AZ #025083)
Coree E. Neumeyer (AZ# 025787)
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391
(602) 229-5200
Lauren.Stine@quarles.com
Coree.Neumeyer@quarles.com