**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-21-01423-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

The parties are familiar with the relevant background. On August 31, 2023, the Court held a hearing on a discovery dispute and ordered Plaintiffs to file a motion to compel by September 8, 2023. (Doc. 249.) The Court ordered Non-Party Republican Party of Arizona to submit a response by September 18, 2023, and set a September 22, 2023 deadline for Plaintiffs' reply. (*Id.*)

On September 8, 2023, Plaintiffs filed a motion to compel. (Doc. 253.)

Non-Party Republican Party of Arizona did not file a response by the court-ordered deadline.

On September 22, 2023, Plaintiffs filed a "reply," which the Court construes as a motion for summary disposition. (Doc. 254.)

Later that day, Non-Party Republican Party of Arizona filed a motion to extend their response deadline (Doc. 255) and a response to the motion to compel (Doc. 256). The motion to extend explains that counsel's docketing paralegal had made "an inadvertent error" and had "docketed the response due date off the date Plaintiffs filed

their Motion to Compel," and that this calendaring error caused the missed deadline. (Doc. 255 at 2.)

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 365 (1993).

Here, the delay is minimal (four days) and there is little to no danger of prejudice to Defendants. The Ninth Circuit has held that calendaring errors can constitute excusable neglect. *Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016) ("[W]here other factors counsel relief, a calendaring mistake and related failure to catch that mistake is no bar to [relief under the *Pioneer* test]."). There is no evidence of bad faith. The reason for the delay weighs weakly against granting the motion, but the other factors weigh strongly in favor of granting it. The Court therefore finds it appropriate to grant the motion.

Accordingly,

**IT IS ORDERED** that Non-Party Republican Party of Arizona's motion to extend deadline (Doc. 255) is granted and Plaintiffs' motion for summary disposition (Doc. 254) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a reply in support of their motion to compel by September 28, 2023.

Dated this 25th day of September, 2023.

Dominic W. Lanza
United States District Judge