Lauren Elliott Stine (AZ# 025083)
Coree E. Neumeyer (AZ# 025787)
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue, Suite 600
Phoenix, AZ 85004-2391
(602) 229-5200
Lauren.Stine@quarles.com
Coree.Neumeyer@quarles.com

Courtney Hostetler (Admitted PHV)
John Bonifaz (Admitted PHV)
Ben Clements (Admitted PHV)
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
jbonifaz@freespeechforpeople.org
chostetler@freespeechforpeople.org
bclements@freespeechforpeople.org

Lee H. Rubin (Admitted PHV)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

*Additional counsel listed on last page*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota; Arizona Coalition for Change; Living United for Change in Arizona; and League of Conservation Voters, Inc. d/b/a Chispa AZ,<br><br>　　　　Plaintiffs,<br><br>　and<br><br>DSCC and DCCC,<br><br>　　　　Plaintiff-Intervenors,<br><br>　v.<br><br>Adrian Fontes, in his official capacity as Arizona Secretary of State; et al.,<br><br>　　　　Defendants,<br><br>　and<br><br>RNC and NRSC,<br><br>　　　　Defendant-Intervenors. | Case No. CV-21-01423-PHX-DWL<br><br>**UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR COMPLETION OF FACT DISCOVERY (Fourth Request)**<br><br>**(EXPEDITED RULING REQUESTED)** |

Plaintiffs Mi Familia Vota, Arizona Coalition for Change, Living United for Change in Arizona, and League of Conservation Voters, Inc. d/b/a Chispa AZ (jointly, "Plaintiffs") hereby move pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule of Civil Procedure 7.3 for an extension of time, until March 28, 2024, for the purpose of completing Attorney General and third-party fact discovery. Pursuant to this Court's September 27, 2023, Order, the fact discovery deadline is currently set for December 29, 2023. *See* ECF No. 260. This is Plaintiffs' fourth request to extend the deadline. Good cause exists for this request, as set forth in greater detail below. This request is unopposed.

Plaintiffs have diligently pursued good-faith discovery, having served document requests on the defendant County Recorders, the Arizona Secretary of State, the Republican Party Intervenors, and the Arizona Attorney General, and subpoenas for documents on the Republican Party of Arizona (the "RPA"), the Arizona Legislature, certain individual current and former Arizona legislators, and other third parties. Plaintiffs also have served deposition subpoenas on the Maricopa County Recorder, the Pima County Recorder, the Arizona Secretary of State, the Arizona Attorney General, and five current and former Arizona legislators. To date, Plaintiffs have obtained over 109,000 documents—including over 42,000 from the RPA received on November 15, 2023, pursuant to this Court's November 8, 2023, Order. *See* ECF No. 269. Additionally, Plaintiffs have taken the 30(b)(6) depositions of the Maricopa County Recorder, the Pima County Recorder, and the Arizona Secretary of State. However, as further discussed below, additional time is needed to resolve privilege issues that have arisen in relation to certain subpoenas issued to third parties. Furthermore, Plaintiffs require additional time to review and follow up on the productions

only recently made by the RPA and Arizona Attorney General. Plaintiffs respectfully request an extension of the schedule for completing fact discovery until March 28, 2024, for the limited purpose of completing fact discovery as described below.

*First*, on March 17, 2023, Plaintiffs served a second set of requests for production on the Attorney General for documents and communications regarding investigations of allegations of election and/or voter fraud. Plaintiffs and the Attorney General engaged in negotiations over the scope of this request over the course of several months and agreed to a limited production of opening and closing memoranda of investigatory files, without prejudice to Plaintiffs' right to request the investigatory files. The Attorney General made its first production of documents responsive to this set of requests for production on December 8, 2023. Having received these documents 13 days ago, Plaintiffs are now in the process of reviewing the documents to determine what, if any, follow-up is needed. In addition, Plaintiffs cannot proceed with the 30(b)(6) deposition of the Attorney General until the document production is complete.

*Second*, following this Court's decision on Plaintiffs' motion to compel the Arizona State Legislature and the individual legislators regarding their claims of legislative privilege, *see* ECF No. 242, Plaintiffs served document subpoenas on 10 third-party non-legislators for documents relating to their communications with legislators. Several of those third parties objected to the subpoenas, and the legislators also have asserted that the legislative privilege forecloses production by the third parties of these communications (which include communications both to and from legislators and their staff). Plaintiffs have met and conferred with counsel for the third parties that have served objections and counsel

for the legislators. The parties are still discussing the most orderly way to submit to the Court the question of whether the legislative privilege applies to the documents sought from the third parties in the subpoenas, as well as disputes as to any other objections the third parties may have to the subpoenas. In light of the multiple parties who will seek to be heard on this issue, it is highly unlikely that discovery from the third-party subpoena recipients will be completed by December 29. Relatedly, recently received discovery has indicated that certain legislators regularly communicated using their private email accounts, and the search criteria used for the legislator production did not capture communications involving those accounts. Additional time is needed for Plaintiffs to ensure that the legislators have complied with their discovery obligations, and, if necessary, to seek full production of responsive documents.

*Third*, on November 15, 2023, pursuant to this Court's Order of November 8, 2023, the RPA produced over 42,000 documents—consisting of over 201,000 pages and more than 1,500 spreadsheets—responsive to the subpoena Plaintiffs served on the RPA in January 2022. Plaintiffs are working diligently to review the documents as quickly as possible, but require additional time beyond the current close of fact discovery to fully review the production and determine if any follow-up discovery is needed.

The outstanding discovery is highly relevant to Plaintiffs' claims in this case. The documents sought may bear directly on Plaintiffs' intentional discrimination claims under the *Arlington Heights* test for intentional discrimination, because *Arlington Heights* calls for assessing, among other things, the impact of the challenged law and contemporaneous statements of legislators when evaluating whether the evidence as a whole warrants the

inference of discriminatory purpose. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977); ECF No. 154 at 55–57. But for the reasons discussed above, fact discovery cannot reasonably be completed by the current fact discovery deadline, December 29, 2023. Plaintiffs accordingly request that the deadline be extended until March 28, 2024.

On December 15 and 18, 2023, counsel for Plaintiffs informed counsel for the Attorney General and for all other parties, respectively, that Plaintiffs intended to seek an extension of the deadline for the completion of fact discovery, for the purpose of completing Attorney General and third-party discovery, until March 28, 2024. No party indicated that it opposes the request.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court find good cause and grant an unopposed extension of the deadline for completion of fact discovery until March 28, 2024, for the limited purpose of completing the described fact discovery. Plaintiffs are submitting herewith a proposed order.

| | | |
|---|---|---|
| 1 | Dated: December 21, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | Lee H. Rubin (Admitted PHV)<br>MAYER BROWN LLP | /s/ *Coree E. Neumeyer*<br>Coree E. Neumeyer (AZ# 025787) |
| 4 | Two Palo Alto Square, Suite 300<br>3000 El Camino Real | Lauren Elliott Stine (AZ #025083)<br>QUARLES & BRADY LLP<br>One Renaissance Square |
| 5 | Palo Alto, CA 94306-2112<br>(650) 331-2000 | Two North Central Avenue, Suite 600<br>Phoenix, AZ 85004-2391 |
| 6 | lrubin@mayerbrown.com | (602) 229-5200<br>Lauren.Stine@quarles.com |
| 7 | | Coree.Neumeyer@quarles.com |
| 8 | Gary A. Isaac (Admitted PHV)<br>Daniel T. Fenske (Admitted PHV) | Courtney Hostetler (Admitted PHV)<br>John Bonifaz (Admitted PHV) |
| 9 | William J. McElhaney III (Admitted PHV) | Ben Clements (Admitted PHV)<br>FREE SPEECH FOR PEOPLE |
| 10 | MAYER BROWN LLP<br>71 S. Wacker Drive | 1320 Centre Street, Suite 405<br>Newton, MA 02459 |
| 11 | Chicago, IL 60606<br>(312) 782-0600 | (617) 249-3015<br>chostetler@freespeechforpeople.org |
| 12 | gisaac@mayerbrown.com<br>dfenske@mayerbrown.com | jbonifaz@freespeechforpeople.org<br>bclements@freespeechforpeople.org |
| 13 | jglickstein@mayerbrown.com | |
| 14 | Rachel J. Lamorte (Admitted PHV) | |
| 15 | MAYER BROWN LLP<br>1999 K Street NW | |
| 16 | Washington, DC 20006<br>(202) 362-3000 | |
| 17 | rlamorte@mayerbrown.com | |
| 18 | | *Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2023, a copy of Unopposed Motion to Extend the Deadline for Completion of Fact Discovery was filed electronically with the Arizona District Court Clerk's Office using the CM/ECF System for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

  /s/ Pam Worth