1

2

3

4

5

6                      **IN THE UNITED STATES DISTRICT COURT**

7                          **FOR THE DISTRICT OF ARIZONA**

8

9    Mi Familia Vota, et al.,                     No. CV-21-01423-PHX-DWL

10                   Plaintiffs,                   **ORDER**

11   v.

12   Katie Hobbs, et al.,

13                   Respondents.

14

15         This lawsuit was initiated in August 2021.  It involves a challenge to an Arizona

16   voting law, Senate Bill 1485 ("S.B. 1485").

17         The original scheduling order in this case contemplated that fact discovery would

18   be completed by November 2022 and that the parties would, by December 2022, provide

19   proposes dates for expert disclosures, the close of expert discovery, and dispositive

20   motions.  (Doc. 85 at 2-3.)

21         It is now May 2025, yet expert discovery still has not yet begun in earnest.  Earlier

22   this year, Plaintiffs filed an unopposed, expedited request to "stay" all of the expert-related

23   and other unexpired deadlines in the scheduling order by 90 days because the parties had

24   "engaged in preliminary discussions concerning a resolution of this litigation short of trial"

25   and "believe it would be productive to continue these discussions before any party expends

26   substantial additional resources on expert discovery."  (Doc. 309.)  The Court somewhat

27   grudgingly granted that request to the extent it sought a 90-day extension but specified that

28   the case was "not stayed."  (Doc. 310.)

1    Plaintiffs have now filed an unopposed, expedited request for an additional 90-day

2 extension of their expert disclosure deadline (Doc. 312), such that initial expert disclosures

3 would not be due until August 27, 2025.  (Docs. 312, 312-1.)  In support of this request,

4 Plaintiffs state: "Since the first extension of expert discovery deadlines in March 2025,

5 counsel for Plaintiffs and the Arizona Attorney General's Office have engaged in ongoing

6 discussions concerning a resolution of this litigation short of trial.  Plaintiffs and the

7 Arizona Attorney General's Office believe it would be productive to continue these

8 discussions before any party expends substantial additional resources on expert discovery."

9 (Doc. 312 at 2.)  Furthermore, "[r]ather than ask the Court for an extension of all

10 deadlines," Plaintiffs "seek leave to propose a schedule for all other expert discovery,

11 summary judgment briefing, and pre-trial disclosures if the litigation is not resolved."  (*Id.*)

12 The proposed order asks the Court to order that "if the litigation is not resolved, the parties

13 will submit a schedule for all other expert discovery, summary judgment briefing, and pre-

14 trial disclosures no later than Wednesday, September 10, 2025."  (Doc. 312-1.)  This

15 implies that the parties wish to have the deadlines currently in force suspended without

16 imposing new ones at this time—in other words, the parties are seeking a stay of all

17 deadlines except Plaintiffs' expert disclosure deadline.

18    This request is denied.  This case is now nearly four years old, yet expert discovery

19 still has not really started.  Additionally, the parties have had ample time—years and

20 years—to explore settlement, yet the two most recent extension requests provide only the

21 barest of details regarding the parties' settlement efforts and do not suggest those efforts

22 are being pursued with any urgency.  The parties are also reminded that they were advised,

23 at the outset of this case, "that civil trials should occur within 18 months of the filing of the

24 complaint" and that "[o]nce the dates have been set in the Case Management Order, the

25 Court will not vary them without good cause, even if the parties would otherwise stipulate

26 to do so.  The Court does not consider settlement talks . . . to constitute good cause for an

27 extension." (Doc. 45 at 3.)  Although the Court has been lax when applying these principles

28 in response to earlier extension requests, the bottom line is that the parties have fallen into

1  a pattern of making bare-bones extension requests, based solely on the existence of

2  settlement negotiations, in a case that is already long overdue to get past the discovery

3  stage.

4        As a courtesy, and because the initial expert disclosure deadline would otherwise

5  fall three business days from today, the Court will grant a final 30-day extension of all

6  unexpired deadlines in the scheduling order.  Perhaps this final extension will prompt the

7  parties to increase the urgency of their settlement discussions.  And if, for whatever reason,

8  no settlement is in the offing, the parties should be prepared to proceed with expert

9  discovery without any additional extensions.

10       Accordingly,

11       **IT IS ORDERED** that Plaintiffs' unopposed extension request (Doc. 312) is

12  **granted in part and denied in part**.  All unexpired case deadlines are extended by 30

13  days.  No further extensions will be granted.

14       Dated this 23rd day of May, 2025.

15

16

17  _____

18                    Dominic W. Lanza
                  United States District Judge

19

20

21

22

23

24

25

26

27

28