**KRISTIN K. MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Hayleigh S. Crawford (No. 032326)
Joshua M. Whitaker (No. 032724)
Kathryn E. Boughton (No. 036105)
Joshua G. Nomkin (No. 039213)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Hayleigh.Crawford@azag.gov
Joshua.Whitaker@azag.gov
Kathryn.Boughton@azag.gov
Joshua.Nomkin@azag.gov
ACL@azag.gov

*Attorneys for Defendant*
*Attorney General Kristin K. Mayes*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota; Arizona Coalition for Change; Living United for Change in Arizona; and League of Conservation Voters, Inc. d/b/a Chispa AZ,<br><br>    Plaintiffs,<br><br>v.<br><br>Adrian Fontes, in his official capacity as Arizona Secretary of State; et al.,<br><br>    Defendants,<br><br>    and<br><br>RNC and NRSC,<br><br>    Defendant-Intervenors. | Case No. CV-21-01423-PHX-DWL<br><br>**ATTORNEY GENERAL'S UNOPPOSED REQUEST TO CLARIFY DEADLINES** |

## I. Introduction

Plaintiffs recently disclosed expert reports. (*See* Doc. 323.) It is unclear whether Defendants have three months to review and respond, or only two months. One source of confusion is that, in a recent motion for an extension, Plaintiffs proposed an order that would have given Defendants three months. (*See* Doc. 319-1.) The Court granted Plaintiffs' motion but stated that all deadlines were extended for an equal amount of time, which would give Defendants only two months. (*See* Doc. 321, text entry.)

Under the circumstances, Defendants should have three months to review and respond to Plaintiffs' expert reports, for the reasons explained below. The Attorney General respectfully asks the Court to clarify this issue, either by adopting the deadlines in Plaintiffs' proposed order (Doc. 319-1) or in some other fashion.

## II. Background

In November 2024, after fact discovery closed, the Court set deadlines for expert disclosures:

- Plaintiffs' expert disclosures were due February 28, 2025.
- Defendants' expert disclosures were due April 29, 2025.
- Plaintiffs' rebuttal expert disclosures were due June 13, 2025.

(Doc. 305.) This schedule envisioned Defendants having only two months to review Plaintiffs' expert disclosures and prepare their own expert disclosures in response.

### A. First extension

On February 26, 2025, Plaintiffs filed an unopposed motion to stay expert disclosure deadlines for 90 days, because counsel for Plaintiffs and the Attorney General were discussing settlement. (Doc. 309.)

Before the motion was filed, Defendant-Intervenors RNC and NRSC stated that they would be fine with a stay, but would want an additional month for rebuttal expert reports if expert discovery were to resume. (Exhibit 1.) Plaintiffs agreed to an additional month. (*Id.*)

The Court did not grant a stay, but extended all case deadlines by 90 days. (Doc. 310, text entry.)

**B.    Second extension**

On May 23, 2025, Plaintiffs filed a second unopposed motion to extend expert disclosure deadlines for another 90 days, given ongoing settlement discussions. (Doc. 312.)

Here too, before the motion was filed, Defendant-Intervenors RNC and NRSC stated that they would be fine with an additional extension "as long as we keep the additional month for rebuttal reports that we'd negotiated in connection with the previous stay." (Exhibit 2.) Plaintiffs confirmed their agreement. (*Id.*) Accordingly, Plaintiffs' second motion explained that the parties had "agreed to seek an expansion of time for Defendants' expert disclosures if expert discovery in this matter continues." (Doc. 312 at 2.)

The Court granted Plaintiffs' second motion in part and denied it in part, extending all unexpired case deadlines by an additional 30 days and stating that "<u>No further extensions will be granted</u>." (Doc. 313 at 3.)

**C.    Third extension**

On June 27, 2025, Plaintiffs filed a third motion to extend their expert disclosure deadline, this time to July 30, 2025. (Doc. 319.) This was because Plaintiffs, Defendant Attorney General, and Defendant Secretary of State had reached a settlement in principle (to which Defendant-Intervenors RNC and NRSC did not object), conditioned on the approval of Arizona's Voter Registration Advisory Committee ("VRAC"). (*See* Docs. 317, 318.) The VRAC had met on June 25 to consider the proposal but did not take immediate action, and had decided to reconvene on July 23 to consider it further. (*See* Doc. 318.)

Here too, before the motion was filed, Plaintiffs confirmed their "agreement to extend Defendants' expert disclosure deadline for one month." (Exhibit 3.) Accordingly, Plaintiffs' third motion mentioned the agreement "to seek a one-month expansion of time for Defendants' expert disclosures if expert discovery in this matter continues" and requested an extension "commensurate with" this agreement. (Doc. 319 at 3.) For this reason, Plaintiffs proposed an order with the following deadlines:

3

    • Plaintiffs' expert disclosures would be due July 30, 2025.

    • Defendants' expert disclosures would be due October 28, 2025.

    • Plaintiffs' rebuttal expert disclosures would be due December 12, 2025.

(Doc. 319-1.) Under this schedule, Defendants would have three months to review Plaintiffs' expert disclosures and prepare expert disclosures in response, rather than the two months originally envisioned by the Court's schedule in November 2024.

The Court "granted" Plaintiffs' third motion, but instead of adopting Plaintiffs' proposed order, stated that "[a]ll unexpired case deadlines are extended by 30 days." (Doc. 321, text entry.)

Final settlement did not occur, so Plaintiffs disclosed two expert reports on July 30, 2025. (*See* Docs. 322, 323.)

**III.  Request**

The Attorney General asks the Court to clarify or otherwise order that Defendants' expert disclosures are due October 28, 2025. This would give Defendants three months to review and respond to Plaintiffs' expert reports, rather than the two-month period originally envisioned by the Court's schedule in November 2024. (Doc. 305.) The Attorney General recognizes that this case has been pending for a long time and will proceed expeditiously. Good cause supports a three-month period for the following reasons:

*First*, since February 2025, Plaintiffs have agreed that Defendants could have three months to review and respond to expert reports, as explained above. This agreement is what persuaded Defendant-Intervenors RNC and NRSC not to oppose Plaintiffs' previous extension requests. The Attorney General recognizes that an agreement among parties does not alter deadlines set by the Court, but believes that such an agreement is important to consider here.

*Second*, because of previous extensions, Plaintiffs have had the benefit of more than eight months since fact discovery to develop their expert reports. On July 30, 2025, Plaintiffs disclosed two expert reports. (Doc. 323.) One is 70 pages long, plus a 17-page bibliography, and includes a citation to a website "last accessed Feb. 15, 2025." The other

is 163 pages long, plus a 73-page bibliography, and includes a citation to a website "last accessed January 7, 2025."[1] It is only fair for Defendants to have three months to review and respond to reports that Plaintiffs had eight months to develop.

*Third*, one of Defendants' potential experts has stated that he would need three months to review and respond to Plaintiffs' 163-page expert report, given his other obligations.

If the Court agrees, the Attorney General suggests that the simplest option would be to adopt Plaintiffs' most recent proposed order, which resembles the Court's November 2024 order but gives Defendants an additional month. (*Compare* Doc. 319-1 *with* Doc. 305.)

Defendant-Intervenors RNC and NRSC join this request. Defendant Secretary of State takes no position. Plaintiffs do not oppose this request. No party has indicated opposition to this request.

---

[1] Consistent with Rule 5(d)(1)(A), the Attorney General does not attach Plaintiffs' expert disclosures here, but will provide them if the Court orders. *See* Fed. R. Civ. P. 5(d)(1)(A) (stating that expert disclosures under Rule 26(a)(2) "must not be filed until they are used in the proceeding or the court orders filing").

1    RESPECTFULLY SUBMITTED this 14th day of August, 2025.

By: */s/ Joshua M. Whitaker*
Hayleigh S. Crawford
Joshua M. Whitaker
Kathryn E. Boughton
Joshua G. Nomkin
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004-1592
(602) 542-3333
Hayleigh.Crawford@azag.gov
Joshua.Whitaker@azag.gov
Kathryn.Boughton@azag.gov
Joshua.Nomkin@azag.gov
ACL@azag.gov

*Attorneys for Defendant Attorney General Kristin K. Mayes*


By: */s/ Kory Langhofer (with permission)*
Kory Langhofer
Thomas Basile
STATECRAFT PLLC
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com

Tyler Green
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com

*Attorneys for Intervenor-Defendants Republican National Committee and National Republican Senatorial Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2025, a copy of the Attorney General's Unopposed Request to Clarify Deadlines was filed electronically with the Arizona District Court Clerk's Office using the CM/ECF System for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Joshua M. Whitaker