**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-21-01423-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Adrian Fontes, et al., | |
| Respondents. | |

In this action, Plaintiffs allege that S.B. 1485, which was enacted by the Arizona legislature in 2021 and provides that voters who do not cast a mail-in ballot in two consecutive election cycles (and who do not subsequently respond to a notice) must be removed from Arizona's permanent early voting list, was enacted with a discriminatory purpose. (*See generally* Doc. 154.)

Defendant Arizona Attorney General Mayes ("AG Mayes") has filed a motion to exclude some of the opinions of one of Plaintiffs' experts. (Doc. 336.) The motion recently became fully briefed. (Docs. 339, 340.) The parties' briefing focuses on whether the challenged opinions are relevant, the proper subject of expert testimony, and/or based on a reliable methodology.

The Court notes that the parties previously "agree[d] that any trial will be a bench trial." (Doc. 79 at 10.) Given this agreement, the Court questions the necessity and propriety of resolving, at least at this juncture of the case, the merits of AG Mayes's exclusion arguments. "Although courts serve an important gatekeeper role when it comes

to screening expert testimony, this gatekeeper role is designed to protect juries and is therefore largely irrelevant in the context of a bench trial. Where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702. Further, where an expert's credentials make him or her appear at least minimally qualified and the question of admissibility is at all debatable, it is often logical to admit the evidence subject to allowing the opposing party to renew its motion to exclude at trial, rather than risk trying the case twice by considering the testimony of experts at a pretrial hearing with the likelihood of hearing it again at trial. This is so even if denying a motion to exclude without prejudice results in denying a motion for summary judgment that depends in part on the success of the motion to exclude." *Paul Johnson Drywall Inc. v. Sterling Grp. LP*, 2024 WL 1285629, \*27 (D. Ariz. 2024) (cleaned up).

Nevertheless, because this consideration was not raised in the parties' briefing, the Court will give each side a chance to be further heard.

Accordingly,

**IT IS ORDERED** that by April 9, 2026, Plaintiffs and AG Mayes shall each file a supplemental brief, not to exceed five pages, addressing whether AG Mayes's exclusion motion should be denied without prejudice for the reason discussed above.

Dated this 2nd day of April, 2026.

_____
Dominic W. Lanza
United States District Judge

- 2 -